1  Bingham McCutchen LLP
   SUSAN HOFFMAN (SBN 90496)
2  HEATHER A. KABELE (SBN 205450)
   KAREN PAZZANI (SBN 252133)
3  355 South Grand Avenue, Suite 4400
   Los Angeles, CA  90071
4  Telephone: 213.680.6400
   Facsimile : 213.680.6499
5  Email:  susan.hoffman@bingham.com
           heather.kabele@bingham.com
6          karen.pazzani@bingham.com

7  Attorneys for Defendants
   J.P. MORGAN ACCEPTANCE
8  CORPORATION I; J.P. MORGAN
   SECURITIES INC.; JPMORGAN
9  SECURITIES HOLDINGS LLC and
   JPMORGAN CHASE & CO.

10

11                 UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

14 FEDERAL HOME LOAN BANK OF          Case No. **CV10-9105** DSF
   CHICAGO,                                            (JEMx)
15
                                     NOTICE OF REMOVAL
16            Plaintiff,

17     v.

18 BANC OF AMERICA SECURITIES        Complaint filed:  10/15/10
   LLC; BARCLAYS CAPITAL INC.;
19 CITIGROUP MORTGAGE LOAN
   TRUST INC.; CITIGROUP GLOBAL
20 MARKETS INC.; CITIGROUP
   FINANCIAL PRODUCTS, INC.;
21 CITIGROUP INC.; CWABS, INC.;
   CWALT, INC.; CWMBS, INC.;
22 COUNTRYWIDE SECURITIES
   CORPORATION; COUNTRYWIDE
23 FINANCIAL CORPORATION; RBS
   SECURITIES INC. F/K/A/
24 GREENWICH CAPITAL MARKETS,
   INC.; J.P. MORGAN ACCEPTANCE
25 CORPORATION I; J.P. MORGAN
   SECURITIES INC.; JPMORGAN
26 SECURITIES HOLDINGS LLC; JP
   MORGAN CHASE & CO.; MORGAN
27 STANLEY & CO. INCORPORATED;
   WELLS FARGO ASSET
28 SECURITIES CORPORATION;

A/73569016.1                        1

1   WELLS FARGO BANK, NATIONAL
    ASSOCIATION; WELLS FARGO &
2   COMPANY, and JOHN DOE
    DEFENDANTS 1 through 50,
3
                Defendants.
4
               PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441(a)

5   and 1446(a), the defendants who are signatories to this Notice of Removal

6   (collectively, the "Removing Defendants") hereby remove the above-captioned

7   action (the "Action") from the Superior Court of California, County of Los

8   Angeles, Northwest District, to the United States District Court for the Central

9   District of California.[1]  This Court has original jurisdiction over the Action

10  pursuant to 28 U.S.C. §§ 1334(b), 1441 and 1452(a), as well as 12 U.S.C. §

11  1432(a).  As grounds for removal, the Removing Defendants state as follows:

12                               **SUMMARY**

13             1.     This Court has original jurisdiction over the Action because:

14  (1) plaintiff Federal Home Loan Bank of Chicago ("Plaintiff") is a federally

15  chartered corporation authorized by Congress "to sue and be sued, to complain and

16  to defend, in any court of competent jurisdiction, State or Federal," 12 U.S.C. §

17  1432(a); and (2) the Action is "related to" ongoing bankruptcy proceedings, 28

18  U.S.C. §§ 1334(b), 1452(a).

19            **PROCEDURAL HISTORY AND BACKGROUND**

20             2.     On or about October 15, 2010, Plaintiff filed a complaint (the

21  "Complaint") captioned Federal Home Loan Bank of Chicago v. Banc of America

22  Securities LLC, et al., Case No. LC 091499, in the Superior Court of California,

23  County of Los Angeles, Northwest District (the "State Court").

24

25  _____

26  [1] The Removing Defendants appear for the purpose of removal only and for no
    other purpose, and do not waive, and expressly preserve, all rights, claims and
27  defenses of any nature whatsoever, including, without limitation, all defenses
    relating to service of process, jurisdiction, venue and arbitrability.
28

A/73569016.1                          2

3.      On or about October 15, 2010, Plaintiff filed a Demand for

Trial by Jury and Appendices I-VI to the Complaint (the "Appendices") in the

State Court.

4.      On or about October 25, 2010, Plaintiff filed a Notice of Errata

to Complaint for Rescission and Damages ("Notice of Errata") in the State Court.

5.      On or about October 26, 2010, Plaintiff served the Complaint,

Appendices and Notice of Errata on Removing Defendants Banc of America

Securities LLC; Barclays Capital Inc.; Citigroup Global Markets Inc.; CWABS,

Inc.; CWALT, Inc.; CWMBS, Inc.; Countrywide Securities Corporation; RBS

Securities Inc. f/k/a Greenwich Capital Markets, Inc.; J.P. Morgan Acceptance

Corporation I; J.P. Morgan Securities Inc., now known as J.P. Morgan Securities

LLC; JPMorgan Chase & Co.; Wells Fargo Bank, National Association; and Wells

Fargo & Company.

6.      On or about October 27, 2010, Plaintiff served the Complaint,

Appendices and Notice of Errata on Removing Defendants Citigroup Mortgage

Loan Trust Inc.; Citigroup Financial Products Inc.; Citigroup Inc.; Countrywide

Financial Corporation; Morgan Stanley & Co. Incorporated; and Wells Fargo Asset

Securities Corporation.[2]

7.      In accordance with 28 U.S.C. § 1446(a), copies of process,

pleadings, and orders served upon the Removing Defendants are attached hereto as

Exhibit A.

8.      In the Complaint, Plaintiff alleges that it purchased mortgage

pass-through certificates, which are a form of mortgage-backed securities

---

[2] JPMorgan Securities Holdings LLC has not been served with the complaint in
this action.  JPMorgan Securities Holdings LLC does not waive any defenses by
joining this notice, and expressly preserves all rights, claims, and defenses,
including, without limitation, all defenses relating to service of process,
jurisdiction, venue, and arbitrability.

1    ("MBS"), that were issued or underwritten in 15 separate offerings by 20 different

2    named defendants. The Complaint also purports to name 50 unidentified "John

3    Doe" defendants. Plaintiff alleges that the offering documents relating to the MBS

4    offerings at issue in the Action contained untrue or misleading statements

5    concerning the loans underlying each separate MBS offering.

6           9.     Plaintiff purports to bring claims against the defendants,

7    including the Removing Defendants, under the Illinois Securities Law, the

8    California Corporate Securities Law of 1968, the California Civil Code, the

9    Securities Act of 1933 (the "Securities Act"), and common law, based on alleged

10   misstatements or omissions of material fact in connection with its purchase of the

11   MBS at issue. (Compl. ¶ 1.)

12          10.    The Removing Defendants' time to respond to the Summons

13   and Complaint by answer, demurrer, or motion has not expired and no defendant

14   has served or filed an answer or motion or otherwise appeared in response to the

15   Complaint.

16          11.    Because the Removing Defendants filed this Notice of Removal

17   within thirty days of service of the Complaint, removal is timely under 28 U.S.C.

18   § 1446(b).

### GROUNDS FOR REMOVAL

**I.     Original Federal Jurisdiction Based on Plaintiff's Statutory Charter**

21          12.    Plaintiff is a federally chartered corporation, one of twelve

22   Federal Home Loan Banks established by act of Congress under the Federal Home

23   Loan Bank Act of 1932 ("FHLB Act"). (Compl. ¶ 26.) Plaintiff's chartering

24   statute is codified in that Act. *See* 12 U.S.C. § 1421, *et seq.*

25          13.    The FHLB Act provides that Plaintiff shall have power "to sue

26   and be sued, to complain and to defend, in any court of competent jurisdiction,

27   State or Federal." 12 U.S.C. § 1432(a). As such, 12 U.S.C. § 1432(a) confers

28   original jurisdiction over cases in which any Federal Home Loan Bank, such as

A/73569016.1                                        4

1  Plaintiff, is a party. *See, e.g., Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 255, 112

2  S.Ct. 2465, 120 L.Ed.2d 201 (1992) (holding that "whenever a statute granting a

3  federally charted corporation the 'power to sue and be sued' specifically mentions

4  the federal courts . . . the law will be deemed to confer on federal district courts

5  jurisdiction over any and all controversies to which that corporation is a party.");

6  *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines*, 534 F.3d 779,

7  788 (D.C. Cir. 2008) (express reference to federal courts in a federal chartered

8  entity's sue-and-be-sued clause was necessary and sufficient to confer

9  jurisdiction.")  Therefore, removal is proper under 28 U.S.C. § 1441(a)-(b).  *See*

10  *also Ewing v. Federal Home Loan Bank of Des Moines*, 645 F. Supp. 2d 707 (S.D.

11  Iowa 2009) ("Plaintiff conceded . . . that 'the ground stated in the amendment is in

12  fact a proper ground for federal jurisdiction,' and the Court, after reviewing the

13  relevant case law, likewise became satisfied that it possessed jurisdiction over the

14  present matter.").

15  **II.  Bankruptcy Related Jurisdiction**

16        14.  The Action may also be removed under 28 U.S.C. § 1452(a)

17  because this Court has "related to" original jurisdiction over this action under 28

18  U.S.C. § 1334(b).

19        15.  The allegations against Removing Defendants arise in part from

20  MBS backed by mortgage loans originated by now-bankrupt entities.  For example,

21  Plaintiff alleges that it purchased the following mortgage-backed securities:

22  JPALT 2006-A5 1A1, JPMMT 2006-A5 2A1 and JPMMT 2006-A5 5A1 (the

23  "JPMorgan Certificates") and CWHL 2006-HYB3 2A1A (the "Countrywide

24  Certificate").  Plaintiff alleges that the offering documents for these securities

25  contained untrue and misleading statements about the mortgage loans underlying

26  the certificates and the underwriting practices of the loan originators.

27        16.  The JPMorgan Certificates are backed in part by loans

28  originated by American Home Mortgage ("AHM").  AHM made numerous

1    representations to defendants J.P. Morgan Securities Inc. and J.P. Morgan

2    Acceptance Corporation I (the "J.P. Morgan Defendants") regarding its loan

3    underwriting standards and the nature of mortgage loan collateral for the JPMorgan

4    Certificates.

5          17.    The Countrywide Certificate is also backed by loans originated

6    by AHM.  AHM made numerous representations to defendants Countrywide

7    Securities Corporation and CWMBS, Inc. (the "Countrywide Defendants"),

8    regarding its loan underwriting standards and the nature of mortgage loan collateral

9    for the Countrywide Certificate.

10         18.    On August 6, 2007, AHM filed a voluntary petition for

11   reorganization under Chapter 11 of the United States Bankruptcy Code in the

12   United States Bankruptcy Court for the District of Delaware, In re American Home

13   Mortgage Holdings, Inc., Case No. 07-11047, et seq. (the "AHM Bankruptcy).

14   The AHM Bankruptcy proceedings are pending before United States Bankruptcy

15   Judge Christopher Sontchi.

16         19.    Pursuant to agreements containing indemnification provisions

17   for the benefit of the J.P. Morgan Defendants, among others, and pursuant to

18   statutory and common law, AHM owes the J.P. Morgan Defendants

19   indemnification and/or contribution for any claims arising out of actual or alleged

20   material misstatements or omissions by AHM about their underwriting practices

21   and the mortgage loans at issue.  The J.P. Morgan Defendants have asserted and

22   reserved their rights to indemnification and contribution from AHM in the AHM

23   Bankruptcy.  Attached hereto as Exhibit B is a true and correct copy of a relevant

24   agreement between the J.P. Morgan Defendants and AHM containing

25   indemnification provisions.

26

27

28

A/73569016.1

6

20.    Similarly, pursuant to agreements containing indemnification provisions for the benefit of the Countrywide Defendants, among others, and pursuant to statutory and common law, AHM owes the Countrywide Defendants indemnification and/or contribution for any claims arising out of actual or alleged misstatements or omissions by AHM about their underwriting practices and the mortgage loans at issue.

21.    "A civil proceeding is 'related to' a title 11 case if 'the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *McGuire v. United States*, 550 F.3d 903, 913 (9th Cir. 2008).

22.    The Action relates to AHM's bankruptcy proceeding because AHM owes the J.P. Morgan Defendants and the Countrywide Defendants an indemnity obligation which, as a result of any costs and expenses incurred by the J.P. Morgan Defendants and/or the Countrywide Defendants to defend this Action and any judgment against the J.P. Morgan Defendants and/or the Countrywide Defendants, could affect the property of debtor AHM.  An indemnity obligation of this type affects the property of the debtors, and thus gives rise to "related to" jurisdiction under 28 U.S.C. § 1334(b).  This action therefore may be removed to this Court by Removing Defendants pursuant to 28 U.S.C. § 1452(a). *See, e.g., In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988); *Pac. Life Ins. Co. v. J.P. Morgan Chase & Co.*, No. SA CV 03-813-GLT, 2003 U.S. Dist. LEXIS 14705 at *2-3 (C.D. Cal. Jun. 30, 2003); *see also Lone Star Fund V, L.P. v. Barclays Bank, PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III.    Section 22(a) Does Not Prevent Removal

23.    Section 22(a) of the Securities Act, 15 U.S.C. § 77v ("Section 22(a)"), does not preclude removal of the Action.  Removal of the Action on the basis of the "sue or be sued" provision of Plaintiff's chartering statute is not prohibited by Section 22(a)'s anti-removal provision because Plaintiff's Securities

A/73569016.1                                          7

1   Act claims are facially time-barred and the Removing Defendants submit were

2   pled solely in an attempt to prevent defendants from removing the action. *See*

3   *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001); *Highland Crusader Offshore*

4   *Partners, L.P. v. Motient Corp. & Capital & Tech. Advisors, Inc.*, No. A-06-CA-

5   540 LY, 2006 U.S. Dist. LEXIS 84028, at *8 (W.D. Tex. Nov. 17, 2006) (noting

6   that the standard for determining when a claim is "baseless" is the same standard

7   as that used to dismiss a claim under FED. R. CIV. P. 12(b)(6)); *see also Bennett v.*

8   *Bally Mfg. Corp.*, 785 F. Supp. 559, 560 (D.S.C. 1992) ("defendants may defeat

9   the motion for remand if they can show that the [Securities Act] claim is

10  unsupported by the clear weight of legal authority"); *Milton R. Barrie Co, Inc. v.*

11  *Levine*, 390 F. Supp. 475, 477 (S.D.N.Y. 1975) (removal is justified where

12  plaintiff's Securities Act claims are "so baseless, colorable, and false that the

13  assertion thereof constituted a fraud on the jurisdiction of the federal court").

14  Claims under Section 11 of the Securities Act are subject to a one-year statute of

15  limitations, which begins to run when the plaintiff has actual knowledge, or notice,

16  of the facts giving rise to the claim, and a three-year statute of repose, which runs

17  from the offering date. *See* 15 U.S.C. § 77m. Plaintiff filed its Complaint on

18  October 15, 2010. Plaintiff's own allegations show that Plaintiff had notice of

19  facts giving rise to its claims well before October 15, 2009. Its claims are therefore

20  time-barred and baseless. The Complaint includes allegations purportedly derived

21  from lawsuits, studies, and loan-specific delinquency data and ratings from 2007

22  and 2008, which Plaintiff asserts provide a basis for its claims. The vast majority

23  of this information was available more than one year before Plaintiff filed the

24  Action and, if sufficient to substantiate Plaintiff's claims, also was sufficient to

25  alert Plaintiff that those claims existed. For example, *Zachary v. Countrywide Fin.*

26  *Corp.*, No. 08-cv-00214 (S.D. Tex.), which Plaintiff contends challenged

27  Countrywide's underwriting practices, and "substantiate[d]" its claims with

28  "witness testimony and documentary evidence" was filed on January 17, 2008,

A/73569016.1                                              8

1    more than two and a half years before the commencement of this Action. (Compl.

2    ¶ 132.) Further, the chart of ratings downgrades that Plaintiff alleges indicates that

3    the initial credit ratings were "incorrect and without any legitimate basis" shows

4    that nearly all of the MBS certificates that it purchased were downgraded below

5    investment grade more than a year before the filing of this Action. (Compl.

6    ¶¶ 350-52.)

7            24.    Plaintiff also has not even alleged that it brought its Securities

8    Act claims within the three-year period of repose established by Section 13 of the

9    Securities Act, 15 U.S.C. § 77m. To the contrary, all of the certificates at issue in

10   Plaintiff's Securities Act claims were offered more than three years before

11   commencement of the Action, and the Complaint does not allege that Plaintiff

12   purchased those certificates within the period of repose provided by Section 13.

13   Plaintiff cryptically pleads that it "has identified litigation that provides for tolling

14   of the statute of limitations on this claim for securities CMLTI 2007-WFH1 A3,

15   CWALT 2006-OC8 1A2, JPALT 2006-A5 1A1, JPMMT 2006-A5 2A1, JPMMT

16   2006-A5 5A1, WFMBS 2006-AR13 A2, and WFMBS 2006-AR15 A2 . . . [and]

17   will amend this complaint as appropriate as it identifies additional actions that

18   provide for tolling of the statute . . . ." (Compl. ¶¶ 439, 455, 467.) Nowhere does

19   Plaintiff purport to specify what that litigation is, and, in any event, the statute of

20   repose is not tolled due to the pendency of other actions. *See In re Enron Corp.*

21   *Sec., Deriv. & ERISA Litig.*, 310 F. Supp. 2d 819, 856–57 (S.D. Tex. 2004)

22   (equitable tolling does not apply to statutes of repose in Section 13 of the

23   Securities Act of 1933 because the "very purpose" of statutes of repose "is to set an

24   outer limit unaffected by what the plaintiff knows"); *see also Cada v. Baxter*

25   *Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990) (noting that the rationale for

26   declining to toll statutes of repose is that "their very purpose is to set an outer limit

27   unaffected by what the plaintiff knows.").

28           25.    Additionally, "Section 22(a) proscribes removal based on

A/73569016.1                                          9

1  federal question jurisdiction under 28 U.S.C. section 1441(a), but does not prevent

2  removal based on other grounds," such as "related to" bankruptcy jurisdiction

3  under section 1452. *Pac. Life. Ins. Co.*, 2003 U.S. Dist. LEXIS 14705, at *7.

4  Indeed, the only Circuit Court of Appeals case to have considered this issue has

5  concluded that Section 22(a) does not bar removal under section 1452. *See Cal.*

6  *Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 99-100, 107-08 (2d Cir.

7  2004) ("generally nonremovable claims brought within the Securities Act of 1933

8  may be removed to federal court if they come under the purview of 28 U.S.C. §

9  1452(a)"); *Carpenters Pension Trust for S. Cal. v. Ebbers*, 299 B.R. 610, 614-15

10  (C.D. Cal. 2003) (section 22(a) does not bar removal of case pursuant to section

11  1452); *Pac. Life Ins. Co.*, 2003 U.S. Dist. LEXIS 14705 at *7 (same); *see also*

12  *Lone Star Fund*, 594 F.3d at 386-87 ("related to" bankruptcy jurisdiction in case

13  that asserted claims under the '33 Act and was removed under section 1452).

## OTHER PROCEDURAL REQUIREMENTS

15       26.    Promptly upon the filing of this Notice of Removal, a true copy

16  of this Notice of Removal will be provided to all adverse parties pursuant to 28

17  U.S.C. § 1446(d).  Pursuant to Fed. R. Civ. P. 5(d), the Removing Defendants will

18  file with this Court a Certificate of Service of Notice to Adverse Parties of

19  Removal to Federal Court.

20       27.    The Removing Defendants will promptly cause to be filed with

21  the clerk of the Superior Court for the County of Los Angeles, Northwest District,

22  a Notification of Filing of Notice of Removal, in accordance with 28 U.S.C.

23  § 1446(d).

A/73569016.1

10

28.     Each of the Removing Defendants consents to the removal of the Action to this Court, subject to and without waiving any defenses and rights available to them.

29.     This is not a core proceeding under 28 U.S.C. § 157(b).  The undersigned Removing Defendants do not consent to entry of final orders or judgment by any bankruptcy judge.

WHEREFORE, the Removing Defendants respectfully request that the Action be removed to this Court.

Dated this 24th day of November 2010.

Respectfully submitted,

BINGHAM McCUTCHEN LLP

By: _Heather P. K_____

Susan Hoffman
Heather A. Kabele
Karen Pazzani

Attorneys for Defendants
J.P. MORGAN ACCEPTANCE
CORPORATION I; J.P. MORGAN
SECURITIES INC.; JPMORGAN
SECURITIES HOLDINGS LLC and
JPMORGAN CHASE & CO.


By: _George M. Garvey_ /HK

George M. Garvey
Michael J. Mongan
MUNGER, TOLLES & OLSON LLP
355 South Grand Ave., 35th Floor
Los Angeles, CA 90071-1560
Tel.: (213) 683-9100
Fax: (213) 683-5153
george.garvey@mto.com
michael.mongan@mto.com

Attorneys for Defendants
WELLS FARGO ASSET SECURITIES
CORPORATION; WELLS FARGO
BANK, NATIONAL ASSOCIATION;
and WELLS FARGO & COMPANY

A/73569016.1

11

By: *Neal A. Potischman* /HK
Neal A. Potischman
Samantha Harper Knox
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, CA 94025
Tel: (650) 752-2000
Fax: (650) 752-3683
neal.potischman@davispolk.com
samantha.knox@davispolk.com

James P. Rouhandeh
Daniel J. Schwartz
Anna Thea Bridge
*pro hac vice applications forthcoming*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000
Fax: (212) 701-5581
rouhandeh@davispolk.com
daniel.schwartz@davispolk.com
anna.bridge@davispolk.com

Attorneys for Defendant
MORGAN STANLEY & CO.
INCORPORATED

By: *Michael C. Tu* /HK
Michael C. Tu
*mtu@orrick.com*
ORRICK, HERRINGTON &
SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020
Facsimile: (213) 612-2499

Joseph J. Frank *(pro hac vice
application forthcoming)*
*jfrank@orrick.com*
Steven J. Fink *(pro hac vice
application forthcoming)*
*sfink@orrick.com*
Matthew L. Craner *(pro hac vice
application forthcoming)*
*mcraner@orrick.com*
ORRICK, HERRINGTON &
SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

A/73569016.1                           12

Attorneys for Defendant
BARCLAYS CAPITAL INC.


By: *R. Alexander Pilmer* /HK
R. Alexander Pilmer
David I Horowitz
Jay L. Bhimani
KIRKLAND & ELLIS LLP
333 So. Hope Street, 28th Fl.
Los Angeles, California 90071
Tel: (213) 680-8400
Fax: (213) 680-8500
alex.pilmer@kirkland.com
david.horowitz@kirkland.com
jay.bhimani@kirkland.com

Attorneys for Defendant
RBS SECURITIES INC. f/k/a
GREENWICH CAPITAL MARKETS,
INC.


By: *Richard L. Seabolt* /HK
Richard L. Seabolt
DUANE MORRIS LLP
One Market, Spear Tower, Suite 2200
San Francisco, California 94105
Tel:  (415) 957-3000
Fax:  (415) 354-3317
E-mail:
RLSeabolt@duanemorris.com

Brad S. Karp (*pro hac vice*
application forthcoming)
Charles E. Davidow (*pro hac vice*
application forthcoming)
Susanna M. Buergel (*pro hac vice*
application forthcoming)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Tel:  (212) 373-3000
Fax:  (212) 757-3990
E-mail:  BKarp@paulweiss.com
E-mail:  CDavidow@paulweiss.com
E-mail:  SBuergel@paulweiss.com

Attorneys for Defendants
CITIGROUP MORTGAGE LOAN
TRUST INC.; CITIGROUP GLOBAL
MARKETS INC.; CITIGROUP
FINANCIAL PRODUCTS INC.; and
CITIGROUP INC.


By: *Stephen D. Hibbard* /HK

Stephen D. Hibbard
Shearman & Sterling LLP
525 Market Street
San Francisco, CA 94105
Tel: (415) 616-1100
Fax: (415) 616-1199
shibbard@shearman.com

Adam S. Hakki
Daniel H.R. Laguardia
*pro hac vice applications forthcoming*
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10028
Tel: (212) 848-4000
Fax: (212) 848-7179
ahakki@shearman.com
dlaguardia@shearman.com

Attorneys for Defendants
CWABS, INC.; CWALT, INC.;
CWMBS, INC.; COUNTRYWIDE
SECURITIES CORPORATION; and
COUNTRYWIDE FINANCIAL
CORPORATION


By: *Thomas J. Nolan* /HK

Thomas J. Nolan
Jason D. Russell
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
300 South Grand Avenue
Suite 3400
Los Angeles, California 90071
Tel: (213) 687-5000
Fax: (213) 687-5600
Thomas.Nolan@skadden.com
Jason.Russell@skadden.com

A/73569016.1

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jay B. Kasner
Christopher P. Malloy
Scott D. Musoff
(*pro hac vice* applications
forthcoming)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Tel: (212) 735-3000
Fax: (212) 735-2000
Jay.Kasner@skadden.com
Christopher.Malloy@skadden.com
Scott.Musoff@skadden.com

Attorneys for Defendant
BANC OF AMERICA SECURITIES
LLC

NOTICE OF REMOVAL

# EXHIBIT A

OCT 26 2010 ~~CPr~~ ~~3?r~~

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANC OF AMERICA SECURITIES LLC ;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FEDERAL HOME LOAN BANK OF CHICAGO,

~~ORIGINAL FILED~~
Northwest District

OCT 15 2010

LOS ANGELES
SUPERIOR COURT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | **CASE NUMBER:** *(Número del Caso):* LC091499 |

Los Angeles County Superior Court, Northwest District
6230 Sylmar Ave., Van Nuys, CA 91401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael D. Braun, Braun Law Group PC, 10680 W. Pico Blvd. #280, Los Angeles, CA 90064 (310) 836-6000

| DATE: OCT 15 2010 JOHN A. CLARKE | Clerk, by TATYANA BETS | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): BANC of America Securities LLC

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other (specify): LIMITED LIABILITY COMPANY
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Federal Home Loan Bank of Chicago v. Banc of America Securities | LC 091499 |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

BANC OF AMERICA SECURITIES LLC;
BARCLAYS CAPITAL INC.;
CITIGROUP MORTGAGE LOAN TRUST INC.;
CITIGROUP GLOBAL MARKETS INC.;
CITIGROUP FINANCIAL PRODUCTS, INC.;
CITIGROUP INC.;
CWABS, INC.;
CWALT, INC.;
CWMBS, INC.;
COUNTRYWIDE SECURITIES CORPORATION;
COUNTRYWIDE FINANCIAL CORPORATION;
RBS SECURITIES INC. F/K/A/ GREENWICH CAPITAL MARKETS, INC.;
J.P. MORGAN ACCEPTANCE CORPORATION I;
J.P. MORGAN SECURITIES INC.;
JPMORGAN SECURITIES HOLDINGS LLC;
JPMORGAN CHASE & CO.;
MORGAN STANLEY & CO. INCORPORATED;
WELLS FARGO ASSET SECURITIES CORPORATION;
WELLS FARGO BANK, NATIONAL ASSOCIATION;
WELLS FARGO & COMPANY, and
JOHN DOE DEFENDANTS 1 through 50,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Exhibit A
17

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANC OF AMERICA SECURITIES LLC ; OCT 26 2010 @BPr

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FEDERAL HOME LOAN BANK OF CHICAGO,

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

~~ORIGINAL~~ FILED
Northwest District

OCT 15 2010

LOS ANGELES
SUPERIOR COURT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
| --- | --- |
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles County Superior Court, Northwest District<br>6230 Sylmar Ave., Van Nuys, CA 91401 | CASE NUMBER:<br>*(Número de Caso):*<br>LC091499 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael D. Braun, Braun Law Group PC, 10680 W. Pico Blvd. #280, Los Angeles, CA 90064 (310) 836-6000

| DATE: OCT 15 2010 JOHN A. CLARKE | Clerk, by TATYANA BETS | , Deputy |
| --- | --- | --- |
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Barclays Capital INC.

   under: [X] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Exhibit A
18

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Federal Home Loan Bank of Chicago v. Banc of America Securities | LC 091499 |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties
   Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

BANC OF AMERICA SECURITIES LLC;
BARCLAYS CAPITAL INC.;
CITIGROUP MORTGAGE LOAN TRUST INC.;
CITIGROUP GLOBAL MARKETS INC.;
CITIGROUP FINANCIAL PRODUCTS, INC.;
CITIGROUP INC.;
CWABS, INC.;
CWALT, INC.;
CWMBS, INC.;
COUNTRYWIDE SECURITIES CORPORATION;
COUNTRYWIDE FINANCIAL CORPORATION;
RBS SECURITIES INC. F/K/A/ GREENWICH CAPITAL MARKETS, INC.;
J.P. MORGAN ACCEPTANCE CORPORATION I;
J.P. MORGAN SECURITIES INC.;
JPMORGAN SECURITIES HOLDINGS LLC;
JPMORGAN CHASE & CO.;
MORGAN STANLEY & CO. INCORPORATED;
WELLS FARGO ASSET SECURITIES CORPORATION;
WELLS FARGO BANK, NATIONAL ASSOCIATION;
WELLS FARGO & COMPANY, and
JOHN DOE DEFENDANTS 1 through 50,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANC OF AMERICA SECURITIES LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FEDERAL HOME LOAN BANK OF CHICAGO,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ORIGINAL FILED
Northwest District

OCT 15 2010

LOS ANGELES
SUPERIOR COURT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):* LC091499

Los Angeles County Superior Court, Northwest District
6230 Sylmar Ave., Van Nuys, CA 91401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael D. Braun, Braun Law Group PC, 10680 W. Pico Blvd. #280, Los Angeles, CA 90064 (310) 836-6000

| DATE:<br>(Fecha) | OCT 15 2010 JOHN A CLARKE | Clerk, by<br>(Secretario) | TATYANA BETS | , Deputy<br>(Adjunto) |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Citigroup Mortgage Loan Trust Inc

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☒ by personal delivery on (date): 10/27/10

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A
20

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Federal Home Loan Bank of Chicago v. Banc of America Securities | LC 091499 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

BANC OF AMERICA SECURITIES LLC;
BARCLAYS CAPITAL INC.;
CITIGROUP MORTGAGE LOAN TRUST INC.;
CITIGROUP GLOBAL MARKETS INC.;
CITIGROUP FINANCIAL PRODUCTS, INC.;
CITIGROUP INC.;
CWABS, INC.;
CWALT, INC.;
CWMBS, INC.;
COUNTRYWIDE SECURITIES CORPORATION;
COUNTRYWIDE FINANCIAL CORPORATION;
RBS SECURITIES INC. F/K/A/ GREENWICH CAPITAL MARKETS, INC.;
J.P. MORGAN ACCEPTANCE CORPORATION I;
J.P. MORGAN SECURITIES INC.;
JPMORGAN SECURITIES HOLDINGS LLC;
JPMORGAN CHASE & CO.;
MORGAN STANLEY & CO. INCORPORATED;
WELLS FARGO ASSET SECURITIES CORPORATION;
WELLS FARGO BANK, NATIONAL ASSOCIATION;
WELLS FARGO & COMPANY, and
JOHN DOE DEFENDANTS 1 through 50,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Exhibit A
21

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANC OF AMERICA SECURITIES LLC

OCT 28 2010
3 PM

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FEDERAL HOME LOAN BANK OF CHICAGO,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL FILED
Northwest District

OCT 15 2010

LOS ANGELES
SUPERIOR COURT

| |
|---|
| **NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.<br><br>You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.<br>There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.<br>*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*<br>*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*<br>*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.* |

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):* LC091499

Los Angeles County Superior Court, Northwest District
6230 Sylmar Ave., Van Nuys, CA 91401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael D. Braun, Braun Law Group PC, 10680 W. Pico Blvd. #280, Los Angeles, CA 90064 (310) 836-6000

**DATE:** OCT 15 2010 JOHN A CLARKE        Clerk, by TATYANA BETS        , Deputy
*(Fecha)*                                   *(Secretario)*                            *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* CitiGroup GloBal MaRkets, INC.

    under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
    [ ] CCP 416.20 (defunct corporation)        [ ] CCP 416.70 (conservatee)
    [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
    [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



Exhibit A
22

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Federal Home Loan Bank of Chicago v. Banc of America Securities | LC 091499 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

BANC OF AMERICA SECURITIES LLC;
BARCLAYS CAPITAL INC.;
CITIGROUP MORTGAGE LOAN TRUST INC.;
CITIGROUP GLOBAL MARKETS INC.;
CITIGROUP FINANCIAL PRODUCTS, INC.;
CITIGROUP INC.;
CWABS, INC.;
CWALT, INC.;
CWMBS, INC.;
COUNTRYWIDE SECURITIES CORPORATION;
COUNTRYWIDE FINANCIAL CORPORATION;
RBS SECURITIES INC. F/K/A/ GREENWICH CAPITAL MARKETS, INC.;
J.P. MORGAN ACCEPTANCE CORPORATION I;
J.P. MORGAN SECURITIES INC.;
JPMORGAN SECURITIES HOLDINGS LLC;
JPMORGAN CHASE & CO.;
MORGAN STANLEY & CO. INCORPORATED;
WELLS FARGO ASSET SECURITIES CORPORATION;
WELLS FARGO BANK, NATIONAL ASSOCIATION;
WELLS FARGO & COMPANY, and
JOHN DOE DEFENDANTS 1 through 50,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANC OF AMERICA SECURITIES LLC ;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FEDERAL HOME LOAN BANK OF CHICAGO,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ORIGINAL FILED
Northwest District

OCT 15 2010

LOS ANGELES
SUPERIOR COURT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):* LC091499

Los Angeles County Superior Court, Northwest District
6230 Sylmar Ave., Van Nuys, CA 91401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael D. Braun, Braun Law Group PC, 10680 W. Pico Blvd. #280, Los Angeles, CA 90064 (310) 836-6000

DATE: OCT 15 2010 JOHN    Clerk, by TATYANA BETS , Deputy
*(Fecha)*      *(Secretario)*        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Citigroup Financial Products, Inc.

under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [X] by personal delivery on *(date):* 10/27/10

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

Exhibit A
24

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Federal Home Loan Bank of Chicago v. Banc of America Securities | LC 091499 |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

BANC OF AMERICA SECURITIES LLC;
BARCLAYS CAPITAL INC.;
CITIGROUP MORTGAGE LOAN TRUST INC.;
CITIGROUP GLOBAL MARKETS INC.;
CITIGROUP FINANCIAL PRODUCTS, INC.;
CITIGROUP INC.;
CWABS, INC.;
CWALT, INC.;
CWMBS, INC.;
COUNTRYWIDE SECURITIES CORPORATION;
COUNTRYWIDE FINANCIAL CORPORATION;
RBS SECURITIES INC. F/K/A/ GREENWICH CAPITAL MARKETS, INC.;
J.P. MORGAN ACCEPTANCE CORPORATION I;
J.P. MORGAN SECURITIES INC.;
JPMORGAN SECURITIES HOLDINGS LLC;
JPMORGAN CHASE & CO.;
MORGAN STANLEY & CO. INCORPORATED;
WELLS FARGO ASSET SECURITIES CORPORATION;
WELLS FARGO BANK, NATIONAL ASSOCIATION;
WELLS FARGO & COMPANY, and
JOHN DOE DEFENDANTS 1 through 50,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

BANC OF AMERICA SECURITIES LLC ;

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FEDERAL HOME LOAN BANK OF CHICAGO,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ORIGINAL FILED
Northwest District

OCT 15 2010

LOS ANGELES
SUPERIOR COURT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):* LC091499

Los Angeles County Superior Court, Northwest District
6230 Sylmar Ave., Van Nuys, CA 91401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael D. Braun, Braun Law Group PC, 10680 W. Pico Blvd. #280, Los Angeles, CA 90064 (310) 836-6000

DATE: *(Fecha)* OCT 15 2010 JOHN A. CLARKE Clerk, by *(Secretario)* TATYANA BETS , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Citigroup, Inc.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☒ by personal delivery on *(date)*: 10/27/10

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE:<br>_ Federal Home Loan Bank of Chicago v. Banc of America Securities | CASE NUMBER:<br>LC 091499 |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

BANC OF AMERICA SECURITIES LLC;
BARCLAYS CAPITAL INC.;
CITIGROUP MORTGAGE LOAN TRUST INC.;
CITIGROUP GLOBAL MARKETS INC.;
CITIGROUP FINANCIAL PRODUCTS, INC.;
CITIGROUP INC.;
CWABS, INC.;
CWALT, INC.;
CWMBS, INC.;
COUNTRYWIDE SECURITIES CORPORATION;
COUNTRYWIDE FINANCIAL CORPORATION;
RBS SECURITIES INC. F/K/A/ GREENWICH CAPITAL MARKETS, INC.;
J.P. MORGAN ACCEPTANCE CORPORATION I;
J.P. MORGAN SECURITIES INC.;
JPMORGAN SECURITIES HOLDINGS LLC;
JPMORGAN CHASE & CO.;
MORGAN STANLEY & CO. INCORPORATED;
WELLS FARGO ASSET SECURITIES CORPORATION;
WELLS FARGO BANK, NATIONAL ASSOCIATION;
WELLS FARGO & COMPANY, and
JOHN DOE DEFENDANTS 1 through 50,

Page _____ of _____

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007] | **ADDITIONAL PARTIES ATTACHMENT**<br>Attachment to Summons |
|---|---|

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANC OF AMERICA SECURITIES LLC ;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FEDERAL HOME LOAN BANK OF CHICAGO,

*OCT 26 2010*

---

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ORIGINAL FILED**
Northwest District

OCT 15 2010

LOS ANGELES
SUPERIOR COURT

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Los Angeles County Superior Court, Northwest District <br> 6230 Sylmar Ave., Van Nuys, CA 91401 | **CASE NUMBER:** <br> *(Número del Caso):* **LC091499** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael D. Braun, Braun Law Group PC, 10680 W. Pico Blvd. #280, Los Angeles, CA 90064 (310) 836-6000

**DATE:** *OCT 15 2010*  *JOHN A.* , Clerk, by *TATYANA BETS* , Deputy
*(Fecha)*                      *(Secretario)*                                 *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* CWABS, Inc.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Federal Home Loan Bank of Chicago v. Banc of America Securities | LC 091499 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

BANC OF AMERICA SECURITIES LLC;
BARCLAYS CAPITAL INC.;
CITIGROUP MORTGAGE LOAN TRUST INC.;
CITIGROUP GLOBAL MARKETS INC.;
CITIGROUP FINANCIAL PRODUCTS, INC.;
CITIGROUP INC.;
CWABS, INC.;
CWALT, INC.;
CWMBS, INC.;
COUNTRYWIDE SECURITIES CORPORATION;
COUNTRYWIDE FINANCIAL CORPORATION;
RBS SECURITIES INC. F/K/A/ GREENWICH CAPITAL MARKETS, INC.;
J.P. MORGAN ACCEPTANCE CORPORATION I;
J.P. MORGAN SECURITIES INC.;
JPMORGAN SECURITIES HOLDINGS LLC;
JPMORGAN CHASE & CO.;
MORGAN STANLEY & CO. INCORPORATED;
WELLS FARGO ASSET SECURITIES CORPORATION;
WELLS FARGO BANK, NATIONAL ASSOCIATION;
WELLS FARGO & COMPANY, and
JOHN DOE DEFENDANTS 1 through 50,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Exhibit A
29

OCT 26 2010 ⌐3P ~

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ORIGINAL FILED**
Northwest District

OCT 15 2010

LOS ANGELES
SUPERIOR COURT

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANC OF AMERICA SECURITIES LLC ;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FEDERAL HOME LOAN BANK OF CHICAGO,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número de Caso):* **LC091499**

Los Angeles County Superior Court, Northwest District
6230 Sylmar Ave., Van Nuys, CA 91401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael D. Braun, Braun Law Group PC, 10680 W. Pico Blvd. #280, Los Angeles, CA 90064 (310) 836-6000

DATE:      OCT 15 2010             Clerk, by      TATYANA BETS      , Deputy
*(Fecha)*                          *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* CWALT, INC.

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A
30

SUM-200(A)

| SHORT TITLE: Federal Home Loan Bank of Chicago v. Banc of America Securities | CASE NUMBER: LC 091499 |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff     ☑ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

BANC OF AMERICA SECURITIES LLC;
BARCLAYS CAPITAL INC.;
CITIGROUP MORTGAGE LOAN TRUST INC.;
CITIGROUP GLOBAL MARKETS INC.;
CITIGROUP FINANCIAL PRODUCTS, INC.;
CITIGROUP INC.;
CWABS, INC.;
CWALT, INC.;
CWMBS, INC.;
COUNTRYWIDE SECURITIES CORPORATION;
COUNTRYWIDE FINANCIAL CORPORATION;
RBS SECURITIES INC. F/K/A/ GREENWICH CAPITAL MARKETS, INC.;
J.P. MORGAN ACCEPTANCE CORPORATION I;
J.P. MORGAN SECURITIES INC.;
JPMORGAN SECURITIES HOLDINGS LLC;
JPMORGAN CHASE & CO.;
MORGAN STANLEY & CO. INCORPORATED;
WELLS FARGO ASSET SECURITIES CORPORATION;
WELLS FARGO BANK, NATIONAL ASSOCIATION;
WELLS FARGO & COMPANY, and
JOHN DOE DEFENDANTS 1 through 50,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

## ADDITIONAL PARTIES ATTACHMENT
### Attachment to Summons

Exhibit A
31

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
BANC OF AMERICA SECURITIES LLC

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FEDERAL HOME LOAN BANK OF CHICAGO,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ORIGINAL FILED**
Northwest District

OCT 15 2010

LOS ANGELES
SUPERIOR COURT

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles County Superior Court, Northwest District<br>6230 Sylmar Ave., Van Nuys, CA 91401 | CASE NUMBER:<br>*(Número del Caso):*  LC091499 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael D. Braun, Braun Law Group PC, 10680 W. Pico Blvd. #280, Los Angeles, CA 90064 (310) 836-6000

DATE: OCT 15 2010 JOHN      Clerk, by      TATYANA BETS      , Deputy
*(Fecha)*              *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: CWMBS, Inc.

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A
32

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Federal Home Loan Bank of Chicago v. Banc of America Securities | LC 091499 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

BANC OF AMERICA SECURITIES LLC;
BARCLAYS CAPITAL INC.;
CITIGROUP MORTGAGE LOAN TRUST INC.;
CITIGROUP GLOBAL MARKETS INC.;
CITIGROUP FINANCIAL PRODUCTS, INC.;
CITIGROUP INC.;
CWABS, INC.;
CWALT, INC.;
CWMBS, INC.;
COUNTRYWIDE SECURITIES CORPORATION;
COUNTRYWIDE FINANCIAL CORPORATION;
RBS SECURITIES INC. F/K/A/ GREENWICH CAPITAL MARKETS, INC.;
J.P. MORGAN ACCEPTANCE CORPORATION I;
J.P. MORGAN SECURITIES INC.;
JPMORGAN SECURITIES HOLDINGS LLC;
JPMORGAN CHASE & CO.;
MORGAN STANLEY & CO. INCORPORATED;
WELLS FARGO ASSET SECURITIES CORPORATION;
WELLS FARGO BANK, NATIONAL ASSOCIATION;
WELLS FARGO & COMPANY, and
JOHN DOE DEFENDANTS 1 through 50,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

### ADDITIONAL PARTIES ATTACHMENT
#### Attachment to Summons

Exhibit A

33

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANC OF AMERICA SECURITIES LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FEDERAL HOME LOAN BANK OF CHICAGO,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ORIGINAL FILED**
Northwest District

OCT 15 2010

LOS ANGELES
SUPERIOR COURT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Los Angeles County Superior Court, Northwest District<br>6230 Sylmar Ave., Van Nuys, CA 91401 | **CASE NUMBER:**<br>*(Número del Caso):* LC091499 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael D. Braun, Braun Law Group PC, 10680 W. Pico Blvd. #280, Los Angeles, CA 90064 (310) 836-6000

| DATE:<br>*(Fecha)* OCT 15 2010 | Clerk, by<br>*(Secretario)* TATYANA BETS | , Deputy<br>*(Adjunto)* |
| --- | --- | --- |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✗] on behalf of *(specify):* COUNTRYWIDE Securities Corporation
   under: [✗] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
      [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
      [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
      [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A

34

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Federal Home Loan Bank of Chicago v. Banc of America Securities | LC 091499 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[ ] Plaintiff    [✓] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

BANC OF AMERICA SECURITIES LLC;
BARCLAYS CAPITAL INC.;
CITIGROUP MORTGAGE LOAN TRUST INC.;
CITIGROUP GLOBAL MARKETS INC.;
CITIGROUP FINANCIAL PRODUCTS, INC.;
CITIGROUP INC.;
CWABS, INC.;
CWALT, INC.;
CWMBS, INC.;
COUNTRYWIDE SECURITIES CORPORATION;
COUNTRYWIDE FINANCIAL CORPORATION;
RBS SECURITIES INC. F/K/A/ GREENWICH CAPITAL MARKETS, INC.;
J.P. MORGAN ACCEPTANCE CORPORATION I;
J.P. MORGAN SECURITIES INC.;
JPMORGAN SECURITIES HOLDINGS LLC;
JPMORGAN CHASE & CO.;
MORGAN STANLEY & CO. INCORPORATED;
WELLS FARGO ASSET SECURITIES CORPORATION;
WELLS FARGO BANK, NATIONAL ASSOCIATION;
WELLS FARGO & COMPANY, and
JOHN DOE DEFENDANTS 1 through 50,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Exhibit A
35

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANC OF AMERICA SECURITIES LLC ;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FEDERAL HOME LOAN BANK OF CHICAGO,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

~~ORIGINAL FILED~~
Northwest District

OCT 15 2010

LOS ANGELES
SUPERIOR COURT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Los Angeles County Superior Court, Northwest District
6230 Sylmar Ave., Van Nuys, CA 91401

**CASE NUMBER:**
*(Número del Caso):*
LC091499

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael D. Braun, Braun Law Group PC, 10680 W. Pico Blvd. #280, Los Angeles, CA 90064 (310) 836-6000

DATE: OCT 15 2010 Clerk, by TATYANA BETS , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [X] on behalf of *(specify)*: Countrywide Financial Corporation

    under: [X] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
            [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
            [ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
            [ ] other *(specify)*:

4. [X] by personal delivery on *(date)*: 10/27/10

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A

36

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Federal Home Loan Bank of Chicago v. Banc of America Securities | LC 091499 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties
Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

BANC OF AMERICA SECURITIES LLC;
BARCLAYS CAPITAL INC.;
CITIGROUP MORTGAGE LOAN TRUST INC.;
CITIGROUP GLOBAL MARKETS INC.;
CITIGROUP FINANCIAL PRODUCTS, INC.;
CITIGROUP INC.;
CWABS, INC.;
CWALT, INC.;
CWMBS, INC.;
COUNTRYWIDE SECURITIES CORPORATION;
COUNTRYWIDE FINANCIAL CORPORATION;
RBS SECURITIES INC. F/K/A/ GREENWICH CAPITAL MARKETS, INC.;
J.P. MORGAN ACCEPTANCE CORPORATION I;
J.P. MORGAN SECURITIES INC.;
JPMORGAN SECURITIES HOLDINGS LLC;
JPMORGAN CHASE & CO.;
MORGAN STANLEY & CO. INCORPORATED;
WELLS FARGO ASSET SECURITIES CORPORATION;
WELLS FARGO BANK, NATIONAL ASSOCIATION;
WELLS FARGO & COMPANY, and
JOHN DOE DEFENDANTS 1 through 50,

Page _____ of _____
Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Exhibit A
37

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANC OF AMERICA SECURITIES LLC ;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FEDERAL HOME LOAN BANK OF CHICAGO,

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

# FILED
LOS ANGELES SUPERIOR COURT

OCT 1 5 2010

JOHN A. C. ARKE, CLERK
*Tatyana Bets*

BY TATYANA BETS, DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* LC091499 |
| --- | --- |

Los Angeles County Superior Court, Northwest District
6230 Sylmar Ave., Van Nuys, CA 91401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael D. Braun, Braun Law Group #280, 10680 W. Pico Blvd. #280, Los Angeles, CA 90064 (310) 836-6000

| DATE: OCT 1 5 2010 JOHN A. CLARKE *(Fecha)* | Clerk, by *(Secretario)* T. Bets TATYANA BETS | , Deputy *(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
| --- | --- | --- |

Exhibit A
38

SUM-100

**SUMMONS**
**(CITACION JUDICIAL)**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANC OF AMERICA SECURITIES LLC ;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FEDERAL HOME LOAN BANK OF CHICAGO,

ORIGINAL FILED
Northwest District

OCT 15 2010

LOS ANGELES
SUPERIOR COURT

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* LC091499 |
|---|---|

Los Angeles County Superior Court, Northwest District
6230 Sylmar Ave., Van Nuys, CA 91401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael D. Braun, Braun Law Group PC, 10680 W. Pico Blvd. #280, Los Angeles, CA 90064 (310) 836-6000

| DATE: OCT 15 2010 *(Fecha):* | JOHN A. | Clerk, by *(Secretario)* TATYANA BETS | , Deputy *(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* J. P. Morgan Acceptance Corporation I

   under: [X] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [X] by personal delivery on *(date):* 10/27/10

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A
39

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Federal Home Loan Bank of Chicago v. Banc of America Securities | LC 091499 |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff  ☑ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

BANC OF AMERICA SECURITIES LLC;
BARCLAYS CAPITAL INC.;
CITIGROUP MORTGAGE LOAN TRUST INC.;
CITIGROUP GLOBAL MARKETS INC.;
CITIGROUP FINANCIAL PRODUCTS, INC.;
CITIGROUP INC.;
CWABS, INC.;
CWALT, INC.;
CWMBS, INC.;
COUNTRYWIDE SECURITIES CORPORATION;
COUNTRYWIDE FINANCIAL CORPORATION;
RBS SECURITIES INC. F/K/A/ GREENWICH CAPITAL MARKETS, INC.;
J.P. MORGAN ACCEPTANCE CORPORATION I;
J.P. MORGAN SECURITIES INC.;
JPMORGAN SECURITIES HOLDINGS LLC;
JPMORGAN CHASE & CO.;
MORGAN STANLEY & CO. INCORPORATED;
WELLS FARGO ASSET SECURITIES CORPORATION;
WELLS FARGO BANK, NATIONAL ASSOCIATION;
WELLS FARGO & COMPANY, and
JOHN DOE DEFENDANTS 1 through 50,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Exhibit A
40

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANC OF AMERICA SECURITIES LLC ;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FEDERAL HOME LOAN BANK OF CHICAGO,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ORIGINAL FILED**
Northwest District

OCT 26 2010
@3PM

OCT 15 2010

LOS ANGELES
SUPERIOR COURT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Los Angeles County Superior Court, Northwest District<br>6230 Sylmar Ave., Van Nuys, CA 91401 | CASE NUMBER:<br>*(Número del Caso):* **LC091499** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael D. Braun, Braun Law Group PC, 10680 W. Pico Blvd. #280, Los Angeles, CA 90064 (310) 836-6000

| DATE: OCT 15 2010<br>*(Fecha)* | JOHN A. CLARKE Clerk, by<br>*(Secretario)* | TATYANA BETS , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* J.P. Morgan Securities Inc.

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit A
41

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Federal Home Loan Bank of Chicago v. Banc of America Securities | LC 091499 |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[ ] Plaintiff    [✓] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

BANC OF AMERICA SECURITIES LLC;
BARCLAYS CAPITAL INC.;
CITIGROUP MORTGAGE LOAN TRUST INC.;
CITIGROUP GLOBAL MARKETS INC.;
CITIGROUP FINANCIAL PRODUCTS, INC.;
CITIGROUP INC.;
CWABS, INC.;
CWALT, INC.;
CWMBS, INC.;
COUNTRYWIDE SECURITIES CORPORATION;
COUNTRYWIDE FINANCIAL CORPORATION;
RBS SECURITIES INC. F/K/A/ GREENWICH CAPITAL MARKETS, INC.;
J.P. MORGAN ACCEPTANCE CORPORATION I;
J.P. MORGAN SECURITIES INC.;
JPMORGAN SECURITIES HOLDINGS LLC;
JPMORGAN CHASE & CO.;
MORGAN STANLEY & CO. INCORPORATED;
WELLS FARGO ASSET SECURITIES CORPORATION;
WELLS FARGO BANK, NATIONAL ASSOCIATION;
WELLS FARGO & COMPANY, and
JOHN DOE DEFENDANTS 1 through 50,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANC OF AMERICA SECURITIES LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FEDERAL HOME LOAN BANK OF CHICAGO,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL FILED
Northwest District

OCT 15 2010

LOS ANGELES
SUPERIOR COURT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Los Angeles County Superior Court, Northwest District
6230 Sylmar Ave., Van Nuys, CA 91401

**CASE NUMBER:** *(Número del Caso):* LC091499

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael D. Braun, Braun Law Group PC, 10680 W. Pico Blvd. #280, Los Angeles, CA 90064 (310) 836-6000

DATE:  OCT 15 2010          Clerk, by  TATYANA BETS          , Deputy
*(Fecha)*                   *(Secretario)*                       *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* J.P. Morgan Chase & Co.
   under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 10/27/10

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A
43

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Federal Home Loan Bank of Chicago v. Banc of America Securities | LC 091499 |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

BANC OF AMERICA SECURITIES LLC;
BARCLAYS CAPITAL INC.;
CITIGROUP MORTGAGE LOAN TRUST INC.;
CITIGROUP GLOBAL MARKETS INC.;
CITIGROUP FINANCIAL PRODUCTS, INC.;
CITIGROUP INC.;
CWABS, INC.;
CWALT, INC.;
CWMBS, INC.;
COUNTRYWIDE SECURITIES CORPORATION;
COUNTRYWIDE FINANCIAL CORPORATION;
RBS SECURITIES INC. F/K/A/ GREENWICH CAPITAL MARKETS, INC.;
J.P. MORGAN ACCEPTANCE CORPORATION I;
J.P. MORGAN SECURITIES INC.;
JPMORGAN SECURITIES HOLDINGS LLC;
JPMORGAN CHASE & CO.;
MORGAN STANLEY & CO. INCORPORATED;
WELLS FARGO ASSET SECURITIES CORPORATION;
WELLS FARGO BANK, NATIONAL ASSOCIATION;
WELLS FARGO & COMPANY, and
JOHN DOE DEFENDANTS 1 through 50,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANC OF AMERICA SECURITIES LLC ;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FEDERAL HOME LOAN BANK OF CHICAGO,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ORIGINAL FILED**
Northwest District

OCT 15 2010

LOS ANGELES
SUPERIOR COURT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* LC091499 |

Los Angeles County Superior Court, Northwest District
6230 Sylmar Ave., Van Nuys, CA 91401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael D. Braun, Braun Law Group PC, 10680 W. Pico Blvd. #280, Los Angeles, CA 90064 (310) 836-6000

| DATE: OCT 15 2010 JOHN A. CLARKE | Clerk, by TATYANA BETS | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Morgan Stanley & Co. Incorporated

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
     ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
     ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
     ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10/27/10

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A
45

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Federal Home Loan Bank of Chicago v. Banc of America Securities | LC 091499 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[ ] Plaintiff   [✓] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

BANC OF AMERICA SECURITIES LLC;
BARCLAYS CAPITAL INC.;
CITIGROUP MORTGAGE LOAN TRUST INC.;
CITIGROUP GLOBAL MARKETS INC.;
CITIGROUP FINANCIAL PRODUCTS, INC.;
CITIGROUP INC.;
CWABS, INC.;
CWALT, INC.;
CWMBS, INC.;
COUNTRYWIDE SECURITIES CORPORATION;
COUNTRYWIDE FINANCIAL CORPORATION;
RBS SECURITIES INC. F/K/A/ GREENWICH CAPITAL MARKETS, INC.;
J.P. MORGAN ACCEPTANCE CORPORATION I;
J.P. MORGAN SECURITIES INC.;
JPMORGAN SECURITIES HOLDINGS LLC;
JPMORGAN CHASE & CO.;
MORGAN STANLEY & CO. INCORPORATED;
WELLS FARGO ASSET SECURITIES CORPORATION;
WELLS FARGO BANK, NATIONAL ASSOCIATION;
WELLS FARGO & COMPANY, and
JOHN DOE DEFENDANTS 1 through 50,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

BANC OF AMERICA SECURITIES LLC ;

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

FEDERAL HOME LOAN BANK OF CHICAGO,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ORIGINAL FILED
Northwest District

OCT 15 2010

LOS ANGELES
SUPERIOR COURT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):

Los Angeles County Superior Court, Northwest District
6230 Sylmar Ave., Van Nuys, CA 91401

CASE NUMBER:
(Número del Caso): L C 0 9 1 4 9 9

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Michael D. Braun, Braun Law Group PC, 10680 W. Pico Blvd. #280, Los Angeles, CA 90064 (310) 836-6000

| DATE: OCT 15 2010 JOHN A. CLARKE | Clerk, by TATYANA BETS | , Deputy |
|---|---|---|
| (Fecha) | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Wells Fargo Asset Securities Corporation

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other (specify):

4. ☑ by personal delivery on (date): 10/27/10

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

Date Served: 10/27/10
Time Served: 3:50
DY

Exhibit A
47

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Federal Home Loan Bank of Chicago v. Banc of America Securities | LC 091499 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff  ☑ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

BANC OF AMERICA SECURITIES LLC;
BARCLAYS CAPITAL INC.;
CITIGROUP MORTGAGE LOAN TRUST INC.;
CITIGROUP GLOBAL MARKETS INC.;
CITIGROUP FINANCIAL PRODUCTS, INC.;
CITIGROUP INC.;
CWABS, INC.;
CWALT, INC.;
CWMBS, INC.;
COUNTRYWIDE SECURITIES CORPORATION;
COUNTRYWIDE FINANCIAL CORPORATION;
RBS SECURITIES INC. F/K/A/ GREENWICH CAPITAL MARKETS, INC.;
J.P. MORGAN ACCEPTANCE CORPORATION I;
J.P. MORGAN SECURITIES INC.;
JPMORGAN SECURITIES HOLDINGS LLC;
JPMORGAN CHASE & CO.;
MORGAN STANLEY & CO. INCORPORATED;
WELLS FARGO ASSET SECURITIES CORPORATION;
WELLS FARGO BANK, NATIONAL ASSOCIATION;
WELLS FARGO & COMPANY, and
JOHN DOE DEFENDANTS 1 through 50,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Exhibit A
48

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANC OF AMERICA SECURITIES LLC ;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FEDERAL HOME LOAN BANK OF CHICAGO,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ORIGINAL FILED**
Northwest District

OCT 15 2010

LOS ANGELES
SUPERIOR COURT

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Los Angeles County Superior Court, Northwest District <br> 6230 Sylmar Ave., Van Nuys, CA 91401 | CASE NUMBER: <br> *(Número del Caso):* LC091499 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael D. Braun, Braun Law Group PC, 10680 W. Pico Blvd. #280, Los Angeles, CA 90064 (310) 836-6000

| DATE: <br> *(Fecha):* OCT 15 2010 | Clerk, by <br> *(Secretario)* TATYANA BETS | , Deputy <br> *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: Wells Fargo Bank, National Association

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A
49

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Federal Home Loan Bank of Chicago v. Banc of America Securities | LC 091499 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

BANC OF AMERICA SECURITIES LLC;
BARCLAYS CAPITAL INC.;
CITIGROUP MORTGAGE LOAN TRUST INC.;
CITIGROUP GLOBAL MARKETS INC.;
CITIGROUP FINANCIAL PRODUCTS, INC.;
CITIGROUP INC.;
CWABS, INC.;
CWALT, INC.;
CWMBS, INC.;
COUNTRYWIDE SECURITIES CORPORATION;
COUNTRYWIDE FINANCIAL CORPORATION;
RBS SECURITIES INC. F/K/A/ GREENWICH CAPITAL MARKETS, INC.;
J.P. MORGAN ACCEPTANCE CORPORATION I;
J.P. MORGAN SECURITIES INC.;
JPMORGAN SECURITIES HOLDINGS LLC;
JPMORGAN CHASE & CO.;
MORGAN STANLEY & CO. INCORPORATED;
WELLS FARGO ASSET SECURITIES CORPORATION;
WELLS FARGO BANK, NATIONAL ASSOCIATION;
WELLS FARGO & COMPANY, and
JOHN DOE DEFENDANTS 1 through 50,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Exhibit A
50

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANC OF AMERICA SECURITIES LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FEDERAL HOME LOAN BANK OF CHICAGO,

---

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ORIGINAL FILED**
Northwest District

OCT 15 2010

LOS ANGELES
SUPERIOR COURT

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Los Angeles County Superior Court, Northwest District
6230 Sylmar Ave., Van Nuys, CA 91401

**CASE NUMBER:**
*(Número del Caso):*  LC091499

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael D. Braun, Braun Law Group PC, 10680 W. Pico Blvd. #280, Los Angeles, CA 90064 (310) 836-6000

DATE:     OCT 15 2010   JOHN A. CLARKE    Clerk, by    TATYANA BETS    , Deputy
*(Fecha)*                                  *(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify):   Wells Fargo & Company

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

---

Exhibit A

51

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Federal Home Loan Bank of Chicago v. Banc of America Securities | LC 091499 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

BANC OF AMERICA SECURITIES LLC;
BARCLAYS CAPITAL INC.;
CITIGROUP MORTGAGE LOAN TRUST INC.;
CITIGROUP GLOBAL MARKETS INC.;
CITIGROUP FINANCIAL PRODUCTS, INC.;
CITIGROUP INC.;
CWABS, INC.;
CWALT, INC.;
CWMBS, INC.;
COUNTRYWIDE SECURITIES CORPORATION;
COUNTRYWIDE FINANCIAL CORPORATION;
RBS SECURITIES INC. F/K/A/ GREENWICH CAPITAL MARKETS, INC.;
J.P. MORGAN ACCEPTANCE CORPORATION I;
J.P. MORGAN SECURITIES INC.;
JPMORGAN SECURITIES HOLDINGS LLC;
JPMORGAN CHASE & CO.;
MORGAN STANLEY & CO. INCORPORATED;
WELLS FARGO ASSET SECURITIES CORPORATION;
WELLS FARGO BANK, NATIONAL ASSOCIATION;
WELLS FARGO & COMPANY, and
JOHN DOE DEFENDANTS 1 through 50,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Exhibit A
52

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael D. Braun, CA Bar No. 167416 - Braun Law Group, P.C.<br>10680 W. Pico Blvd., #280 Los Angeles, CA 90064<br><br>TELEPHONE NO: (310) 836-6000    FAX NO: (310) 836-6010<br>ATTORNEY FOR (Name): Plaintiff Federal Home Loan Bank of Chicago | **ORIGINAL FILED**<br>Northwest District<br><br>OCT 15 2010<br><br>LOS ANGELES<br>SUPERIOR COURT |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles, Northwest District<br>STREET ADDRESS: 6230 Sylmar Ave.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Van Nuys, CA 91401<br>BRANCH NAME: Northwest District | |

| CASE NAME:<br>Federal Home Loan Bank of Chicago v. Banc of America Securities et al | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>LC091499 |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [✓] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse<br>condemnation (14) | |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify):
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:

Michael D. Braun
(TYPE OR PRINT NAME)                                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit A
53

| SHORT TITLE: Federal Home Loan Bank of Chicago v. Banc of America Sec. | CASE NUMBER LC091499 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL  15  ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109  (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

Exhibit A
54

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Federal Home Loan Bank of Chicago v. Banc of America Sec. | |

| | **A**<br>Civil Case Cover<br>Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: Federal Home Loan Bank of Chicago v. Banc of America Sec. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☑ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

Exhibit A
56

| SHORT TITLE:<br>Federal Home Loan Bank of Chicago v. Banc of America Sec. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br>☑1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☑8. ☐9. ☐10. | ADDRESS:<br>Address of Defendant<br>Countrywide Financial Corporation<br>4500 Park Granada<br>Calabasas, CA 91302 |
|---|---|
| CITY:<br>Calabasas | STATE:<br>CA | ZIP CODE:<br>91302 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Van Nuys-East__ courthouse in the __Northwest__ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: 10/15/10

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 ·     **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION**     LASC, rule 2.0<br>Page 4 of 4

Exhibit A<br>57

1   Michael D. Braun (167416)
    BRAUN LAW GROUP, P.C.
2   10680 West Pico Blvd., Suite 280
3   Los Angeles, CA  90064
    (310) 836-6000, Fax (310) 836-6010
4   E-mail: mdb@braunlawgroup.com

5   Lynn Lincoln Sarko
    Derek W. Loeser
6   Amy Williams-Derry
7   Elizabeth A. Leland
    1201 Third Avenue, Suite 3200
8   Seattle, Washington 98101
    (206) 623-1900, Fax (206) 623-3384
9   Email: lsarko@kellerrohrback.com
    dloeser@kellerrohrback.com
10  awilliams-derry@kellerrohrback.com
11  bleland@kellerrohrback.com

·12 COUNSEL FOR PLAINTIFF, FEDERAL HOME
    LOAN BANK OF CHICAGO
13  *Additional Counsel on Signature Page*

14          SUPERIOR COURT OF THE STATE OF CALIFORNIA
15           COUNTY OF LOS ANGELES, NORTHWEST DISTRICT

16  FEDERAL HOME LOAN BANK OF          )  Case No. :  LC091499
    CHICAGO,                           )
17                                     )  **COMPLAINT FOR RESCISSION**
                                       )  **AND DAMAGES**
18                 Plaintiff,          )
                                       )
19  vs.                                )
                                       )  **JURY TRIAL DEMANDED**
20  BANC OF AMERICA SECURITIES LLC;    )
    BARCLAYS CAPITAL INC.; CITIGROUP   )
21  MORTGAGE LOAN TRUST INC.;          )
    CITIGROUP GLOBAL MARKETS INC.;     )
22  CITIGROUP FINANCIAL PRODUCTS, INC.;)
    CITIGROUP INC.; CWABS, INC., CWALT,)
23  INC.; CWMBS, INC.; COUNTRYWIDE     )
    SECURITIES CORPORATION;            )
24  COUNTRYWIDE FINANCIAL              )
    CORPORATION; RBS SECURITIES INC.   )
25                                     )
26                                     )
                                       )
27                                     )
                                       )
28

─────────────────────────────────────
        COMPLAINT FOR RESCISSION AND DAMAGES



ORIGINAL FILED
Northwest District
OCT 18 2010
LOS ANGELES
SUPERIOR COURT

Exhibit A
58

1  F/K/A/ GREENWICH CAPITAL MARKETS, )
   INC.; J.P. MORGAN ACCEPTANCE         )
2  CORPORATION I; J.P. MORGAN           )
   SECURITIES INC.; JPMORGAN            )
3  SECURITIES HOLDINGS LLC; JPMORGAN    )
   CHASE & CO.; MORGAN STANLEY & CO.    )
4  INCORPORATED; WELLS FARGO ASSET      )
   SECURITIES CORPORATION; WELLS        )
5  FARGO BANK, NATIONAL ASSOCIATION;    )
   WELLS FARGO & COMPANY, and JOHN      )
6  DOE DEFENDANTS 1 through 50,         )
7                                       )
                    Defendants.         )
8                                       )
9  _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR RESCISSION AND DAMAGES

Exhibit A
59

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | NATURE OF THE ACTION ................................................................ | 1 |
| II. | JURISDICTION AND VENUE ........................................................... | 7 |
| III. | THE PARTIES ................................................................................... | 9 |
| | A. | Plaintiff .................................................................................... | 9 |
| | B. | Defendants ............................................................................... | 10 |
| | C. | The John Doe Defendants ....................................................... | 18 |
| IV. | FACTUAL BACKGROUND .............................................................. | 19 |
| | A. | Mechanics of Mortgage Backed Securities ........................... | 19 |
| | | 1. | The Securitization Process ............................................ | 19 |
| | | 2. | The Rating Process for PLMBS .................................... | 21 |
| | B. | The Mortgage Originators Abandoned Underwriting and Appraisal Standards and Engaged in Predatory Lending. .............. | 23 |
| | | 1. | The Shift from "Originate to Hold" to "Originate to Distribute" Securitization Incentivized Mortgage Originators to Disregard Loan Quality. ............... | 23 |
| | | 2. | Mortgage Originators Abandoned Underwriting Guidelines in Order to Initiate Loans for Securitization. ......... | 29 |
| | | 3. | Mortgage Originators Manipulated Appraisals of Collateralized Real Estate in Order to Initiate Loans for Securitization. ......... | 30 |
| | | 4. | Mortgage Originators Engaged in Predatory Lending to Initiate Loans for Securitization. ......... | 35 |
| | | 5. | Widespread Payment Problems and Delinquencies Reflect the Inevitable Consequence of Loans Issued Without Meaningful Underwriting. ......... | 39 |
| | C. | Federal and State Investigations, Press Reports, Publicly Available Documents Produced in Other Civil Lawsuits, and Analysis of the Loan Pools Underlying the Securities Identify Systematic Violation of Underwriting Guidelines and Predatory Lending by Mortgage Originators Whose Loans Back the PLMBS in this Case. ......... | 41 |
| | | 1. | Countrywide Home Loans, Inc. and Countrywide Home Loans Servicing LP. ......... | 42 |
| | | | a. | Government actions against Countrywide demonstrate Countrywide's failure to adhere to sound underwriting practices. ......... | 42 |
| | | | b. | Private actions against Countrywide demonstrate Countrywide's failure to adhere to sound underwriting practices ......... | 47 |

i

COMPLAINT FOR RESCISSION AND DAMAGES

c.   Confidential witnesses provide further evidence of Countrywide's failure to adhere to sound underwriting practices. .................................................50

d.   The mortgages originated by Countrywide and securitized in the PLMBS purchased by the Bank provide further evidence of Countrywide's failure to adhere to sound underwriting practices..............................................54

e.   Press reports, government investigations and related litigation, and confidential witnesses demonstrate that Countrywide engaged in predatory lending......................55

f.   Confidential witnesses provide further evidence of Countrywide's predatory lending practices. ...................57

2.   Wells Fargo ...........................................................58

a.   Other investigations and lawsuits and confidential witness testimony demonstrate that Wells Fargo abandoned underwriting guidelines. ...........................................58

b.   The mortgages originated by Wells Fargo and securitized in the PLMBS purchased by the Bank provide further evidence of Countrywide's failure to adhere to sound underwriting practices.......................................62

c.   Other investigations and lawsuits and confidential witness testimony demonstrate that Wells Fargo engaged in predatory lending. ..............................................63

3.   American Home Mortgage .........................................66

4.   Chase Home Finance LLC and JPMorgan Chase Bank, N.A..................68

5.   PHH Mortgage Corp. ...............................................72

6.   Decision One Mortgage Company, Inc. ......................75

7.   GreenPoint Mortgage Funding, Inc. .........................78

8.   Other Mortgage Originators Also Abandoned Sound Underwriting Practices and Engaged in Predatory Lending in Order to Issue Loans for Securitization. .......................80

D.   The Securitization Process Was Plagued by Conflicts of Interest and Misplaced Incentives. ...................................................81

1.   The Vertical Integration of Many of the Firms Involved in the Issuance of the PLMBS Purchased by the Bank Provided the Defendants with Knowledge of the Mortgage Originators' Abandonment of Underwriting Guidelines and their Predatory Lending Practices................................................81

2.   Financial Ties Between the Investment Banks and Non-Bank Lenders Provided the Defendants with Knowledge of the

ii

Mortgage Originators' Abandonment of Underwriting Guidelines
and their Predatory Lending Practices. ........................................83

3.  The Investment Banks' Conflicts of Interest Undermined
Adequate Due Diligence and Disclosure to Investors. ...............86

4.  Defendants Compromised and Misused Loan Pool Due Diligence
Results Prepared by Third-Party Firms..........................................89

a.  The Defendants directed the due diligence process and
were provided with detailed reports describing the results
of the process. ...........................................................................89

b.  The Defendants manipulated and misused due diligence
results. ......................................................................................92

c.  The Defendants knowingly included defective loans in the
pools but concealed this information from investors....................94

5.  Defendants' Internal Due Diligence Identified a High Number of
Defective Loans in the Mortgage Pools Backing PLMBS. .........96

E.  The Vertical Integration of Many of the Firms Involved in the Issuance
of the PLMBS Purchased by the Bank Enabled the Controlling Person
Defendants to Control the Management and Policies of the Controlled
Entities ......................................................................................100

F.  The Securitization Process Was Supported by Credit Ratings that
Materially Misstated the Credit Risk of the PLMBS............................102

1.  The Credit Ratings Were Compromised by Conflicts of Interest,
Manipulation and Misinformation. ...............................................103

2.  Subsequent Downgrades Confirm that the Investment Grade
Ratings Reported in the Offering Documents Were Unjustifiably
High and Misstated the True Credit Risk of the PLMBS
Purchased by the Bank. ...............................................................105

3.  The Bank Reasonably Relied on the Credit Ratings Reported in
the Prospectuses. .......................................................................107

V.  DEFENDANTS' MATERIAL UNTRUE STATEMENTS AND OMISSIONS
IN CONNECTION WITH THE SALE OF PLMBS TO FHLBC......................108

A.  Defendants Misrepresented Underwriting Guidelines Utilized by
Mortgage Lenders. ...........................................................................109

1.  The Materiality of Underwriting Guidelines ............................109

2.  Misstatements Regarding Underwriting Guidelines..................109

3.  Evidence Demonstrating Misstatements in the Offering
Documents Regarding the Originators' Underwriting Practices. ...........113

a.  Government investigations, actions and settlements,
confidential witnesses and evidence developed in other
private lawsuits demonstrate systematic and pervasive

iii

|   |   |   | abandonment of stated underwriting practices by the originators. ...........113 |
| | | b. | Analysis of the performance of loans that backed the PLMBS purchased by the Bank demonstrate the abandonment of stated underwriting practices by the originators. ...........113 |

B. Defendants Misrepresented the Loan-to-Value Ratios ("LTVs"). ...........115

    1. The Materiality of LTVs...........115

    2. Evidence Demonstrating Misstatements about LTV Ratios in the Offering Documents...........117

C. Defendants Misrepresented the Occupancy Status Rates. ...........123

    1. The Materiality of Occupancy Status Rates...........123

    2. Evidence Demonstrating Misstatements about the Occupancy Status Rates. ...........124

D. Defendants' Statements Regarding the AAA Rating of the PLMBS Were False and Misleading. ...........125

    1. The Materiality of the Credit Rating Process and Ratings ...........125

    2. Misstatements about the Credit Rating Process and Ratings...........125

    3. Evidence Demonstrating Misstatements about the Ratings and Ratings Process ...........127

E. Defendants Misrepresented the Mortgage Originators' Compliance with Predatory Lending Restrictions...........129

    1. The Materiality of Predatory Lending Practices and the Issuance of Loans that Violate Other State and Federal Lending Statutes...........129

    2. Misstatements about Predatory Lending Compliance ...........129

    3. Evidence Demonstrating Misstatements about Predatory Lending Practices of the Mortgage Originators ...........131

        a. Government investigations, actions and settlements, confidential witnesses and evidence developed in other private lawsuits demonstrate predatory lending by the mortgage originators. ...........131

        b. Analysis of loans that backed the PLMBS purchased by the Bank demonstrate that loans in the mortgage pools were the result of predatory lending. ...........131

F. Defendants Misrepresented the Due Diligence Performed on the Mortgage Pools that Backed the PLMBS Purchased by the Bank. ...........132

    1. The Materiality of Due Diligence on the Mortgage Pools...........132

    2. Misstatements about Due Diligence ...........133

iv

COMPLAINT FOR RESCISSION AND DAMAGES

3.       Evidence of Misstatements about Due Diligence ....................................135

VI.      CAUSES OF ACTION ...........................................................................................136

VII.     PRAYER FOR RELIEF ........................................................................................163

VIII.    JURY DEMAND ........................................................................................................164

### APPENDICES

PLMBS CERTIFICATES PURCHASED BY FEDERAL HOME LOAN BANK OF
       CHICAGO AT ISSUE IN THIS ACTION.......................................................... APPX. I

CLAYTON TESTIMONY AND SUPPORTING DOCUMENTS REGARDING DUE
       DILIGENCE REVIEWS
       A.      CLAYTON SERVICES, INC. REPORT ON DUE DILIGENCE REJECTION AND
               WAIVER TRENDS
       B.      TESTIMONY OF VICKI BEAL, SENIOR VICE PRESIDENT, CLAYTON
               HOLDINGS, BEFORE THE FINANCIAL CRISIS INQUIRY COMMISSION,
               SEPTEMBER 23, 2010
       C.      TESTIMONY OF KEITH JOHNSON, FORMER PRESIDENT,
               CLAYTON HOLDINGS, BEFORE THE FINANCIAL CRISIS
               INQUIRY COMMISSION, SEPTEMBER 23, 2010 ..................................APPX. II

DEFENDANTS' MATERIALLY MISLEADING STATEMENTS AND OMISSIONS
       REGARDING UNDERWRITING GUIDELINES UTILIZED BY MORTGAGE
       LENDERS......................................................................................................... APPX. III

DEFENDANTS' MATERIAL UNTRUE STATEMENTS AND OMISSIONS
       REGARDING THE CREDIT RATING PROCESS AND THE AAA RATING
       OF THE PLMBS................................................................................................. APPX. IV

DEFENDANTS' MATERIAL UNTRUE STATEMENTS AND OMISSIONS
       REGARDING THE MORTGAGE ORIGINATORS' COMPLIANCE WITH
       PREDATORY LENDING RESTRICTIONS....................................................APPX. V

DEFENDANTS' MATERIAL UNTRUE STATEMENTS AND OMISSIONS
       REGARDING THE DUE DILIGENCE PERFORMED ON THE MORTGAGE
       POOLS THAT BACKED THE PLMBS PURCHASED BY THE BANK ........ APPX. VI

Plaintiff, FEDERAL HOME LOAN BANK OF CHICAGO (hereinafter the "FHLBC" or the "Bank") alleges the following based upon personal knowledge with regard to its own acts, and upon public information as well as information and belief as to all other matters. The Bank's information and belief is based on, among other things, the investigation by its counsel. The investigation included but was not limited to: (1) review and analysis of the Offering Documents for the Certificates that are the subject of this action; (2) interviews with individuals with first hand knowledge of the events alleged herein; (3) examination of relevant SEC filings, press releases and other public statements; (4) review and analysis of pleadings in other civil actions involving certain Defendants; (5) review and analysis of investigations of and complaints filed by state and federal authorities against certain Defendants; (6) published materials, media reports, congressional testimony and additional related materials; and (7) analysis of the performance of the loan pools underlying the securities.  Many of the facts related to Plaintiff's allegations are known only by the Defendants, or are exclusively within their custody or control.  Plaintiff believes that substantial additional evidentiary support for the allegations set forth below will be developed after a reasonable opportunity for discovery.

## I.    NATURE OF THE ACTION

1.      This is an action for rescission and damages under the: (a) California Corporate Securities Law, Cal. Corp. Code §§ 25000 et seq.; (b) California Civil Code §§ 1572, 1689, 1709, and 1710; (c) Illinois Securities Law, 815 ILCS § 5 et seq.; (d) Securities Act of 1933, 15 U.S.C. § 77a et seq. (the "33 Act"); and (e) applicable common law.

2.      The Certificates are "securities" within the meaning of Cal. Corp. Code § 25019, 815 ILCS § 5/2.1, and Section 2(a)(1) of the 33 Act, 15 US.C. § 77b(a)(1).  Under these statutes, the Bank is entitled to rescind its purchase of the Certificates and/or to be paid damages for its losses on the Certificates.

1

3.      The action arises from the sale of over $880 million in Private Label Mortgage Backed Securities ("PLMBS"), a type of Residential Mortgage Backed Security ("RMBS") by the Defendants to the Bank.  The Defendants include the depositors/issuers, underwriters/dealers, and certain entities controlling these parties, who offered and sold the PLMBS to the Bank.   These Defendants' roles are described in detail below.

4.      Accompanying Defendants' sales or offers of these PLMBS to the Bank were registration statements, prospectuses, supplemental prospectuses, and other written offering materials (collectively, "Offering Documents") that Defendants wrote, signed, and/or circulated, and which contained untrue statements of material facts and omitted to state material facts necessary in order to make the statements made not misleading.  Attached as Appendix I is a list of the PLMBS Certificates purchased by the Bank that are the subject of this action due to the Defendants' material misstatements in and omissions from the Offering Documents described herein.

5.      PLMBS are mortgage pass-through certificate securities entitling the holder to income payments from pools of mortgage loans.[1]  The securities are referred to as "private label" because they are issued by private entities instead of the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac"), which are U.S. government-sponsored enterprises ("GSEs").  Mortgage securities issued by Fannie Mae and Freddie Mac are referred to as "agency" mortgage securities.

6.      Traditionally, the GSEs provided liquidity for the residential mortgage market by buying loans that conformed to their underwriting standards and dollar limits.  In the early 2000s, PLMBS became an increasingly important adjunct to the GSEs, forming a capital market for

[1]  The terms "PLMBS" and "Certificate(s)" are used interchangeably herein.  Plaintiff identifies the PLMBS Certificates herein using the ticker symbols for each Certificate as created by Bloomberg.

2

mortgages that could not be sold to the GSEs.  Certain PLMBS were secured by "prime/alt-a"

mortgages.  These were mortgages that allegedly met the credit score and other underwriting

criteria of the GSEs, but were ineligible for GSE purchase either because the mortgages exceeded

the applicable GSE dollar limit, were supported by reduced documentation, or contained

disqualifying terms, such as certain types of adjustable rates.  Other PLMBS were secured by

"subprime" mortgages.  These were mortgages that did not meet the GSE criteria for

creditworthiness of the borrower but purportedly satisfied loan underwriting criteria developed by

their originators.

    7.    Fundamentally, the value of a mortgage pass-through certificate depends on the

ability of borrowers to repay the principal and interest on the underlying loans and the adequacy of

the collateral the borrowers provide in the event of default.   In the event that borrowers fall

behind or default, the investor is exposed to loss.  For this reason, rigorous and effective loan

underwriting by the mortgage originators, performed in accordance with stated underwriting

criteria, is of paramount importance; the absence of it – as demonstrated by this case – renders

unreliable any credit rating or other attempt to assess the credit risk of the securities.

    8.    PLMBS are segmented into "tranches" with laddered payment priority and varying

return potential for security holders.  Interests in each tranche are issued in the form of certificates

identified by a CUSIP code unique to that certificate. Mortgage payments are collected by the

servicing agent and provided to a trustee, who then distributes payments to the investors who hold

the securities in accordance with the priority scheme among the various tranches.  The most senior

tranches enjoy the highest payment priority and lowest risk of default.  Thus, if mortgage

payments are not made, the losses are allocated first to the most junior tranches and move upward

as the junior tranches are wiped out.

<div align="center">3</div>

1    9.    By policy, and in order to minimize the risk of loss, for the certificates at issue the

2    Bank purchased only the most senior, AAA-rated PLMBS tranches.  These tranches were backed

3    by pools of prime/alt-a as well as subprime mortgage loans.  Unfortunately, as detailed herein, the

4    Offering Documents contained material misstatements and omitted to disclose material

5    information with respect to the mortgage pools, the creditworthiness of the borrowers, the quality

6    of the collateral, and the underwriting standards employed in originating the mortgage loans.  As a

7    result, despite their original AAA ratings and the abundant representations and warranties

8    regarding the underlying mortgage pools, the Bank has incurred massive losses on these securities.

9

10    10.    Though the securities themselves are complex, the abuses by the Defendants can be

11    put in simple terms.  *The Defendants did not tell the Bank the truth about the loans that comprised*

12    *the mortgage pools securing the PLMBS.*  The Bank believed it was buying safe and secure

13    securities with an extremely low risk of default – equivalent, from an investment quality

14    standpoint, to other AAA-rated investments – but in fact, the Bank purchased a toxic stew of

15    doomed mortgage loans.

16

17    11.    It is not happenstance that the PLMBS failed to perform and plunged in value and

18    were ultimately severely downgraded.  To the contrary, the PLMBS purchased by the Bank

19    collapsed because they are not what the Defendants claimed they were.  Contrary to the way in

20    which Defendants represented them, the PLMBS at issue in this case are simply *not* pools of loans

21    issued to borrowers based on the application of legitimate underwriting standards or

22    considerations.  The ability of the borrowers to pay was not genuinely taken into account by the

23    mortgage originators, and exceptions to underwriting standards were not made due to

24    "compensating circumstances."  Instead, the primary motivation was the desire to issue and

25    securitize as many loans as possible in order to receive substantial fees; exceptions to underwriting

26    standards became the norm. The issuers and underwriters packaged and sold these securities

27

28

4

COMPLAINT FOR RESCISSION AND DAMAGES

1   without regard to whether the underlying mortgage pools comported with the detailed descriptions

2   contained in the Offering Documents.

3        12.    The sale of each PLMBS purchased by the Bank was effected through the Offering

4   Documents provided to the Bank in connection with the offer and sale of these PLMBS. The

5   Offering Documents contain extensive statements regarding underwriting guidelines purportedly

6

7   used by the mortgage originators, and extensive data supporting the credit quality of the mortgage

8   loans. However, the statements and data and the omissions pertaining to them were materially

9   false and misleading. Had the Bank been provided with truthful, complete and accurate

10   information, it would not have purchased the PLMBS, and would not have suffered these losses.

11        13.    Defendants' untrue statements and omissions of material fact went to the heart of

12   the risk of the mortgage pools underlying the PLMBS. Specifically, Defendants failed to

13   accurately describe key characteristics of the mortgages and the securitization of the mortgages,

14   including, but not limited to:

15

16           a.    **The Mortgage Originators' Underwriting Guidelines**. The
   Offering Documents contained material misstatements and omitted to disclose

17   material information regarding the underwriting guidelines purportedly utilized by
   the mortgage originators. The Defendants represented that the mortgage

18   originators applied their stated underwriting guidelines and standards when issuing
   loans to borrowers. However, as set forth in more detail below, the mortgage

19   originators routinely disregarded their own guidelines and granted exceptions

20   without proper justification. Moreover, Defendants knew, or in the exercise of due
   diligence should have known, that numerous statements contained in the Offering

21   Documents with regard to the efficacy of the underwriting guidelines and the
   processes used to grant exceptions had no reasonable basis. Consequently, the

22   statements in and omissions from the Offering Documents regarding the mortgage
   originators' underwriting guidelines rendered the Offering Documents materially

23   false and misleading.

24

25           b.    **The Loan-to-Value Ratios of the Mortgage Loans and the
   Appraisal Standards Used to Determine the Ratios**. The Offering Documents
   contained material misstatements and omitted to disclose material information

26   regarding the loan-to-value ("LTV") ratios of the loans in the mortgage pools, and
   the appraisal standards that were purportedly applied to determine the home values.

27   The LTV ratios were based on appraisals that were inflated as a result of conflicts

28   of interest and inappropriate influence by the mortgage originators who sought to

<center>5</center>

<center>COMPLAINT FOR RESCISSION AND DAMAGES</center>

ensure that the appraisals came back at a high enough level to support the loan amount. The severe flaws in the appraisal process were not disclosed in the Offering Documents. Consequently, the statements in and omissions from the Offering Documents regarding the LTV ratios and appraisal standards rendered the Offering Documents materially false and misleading.

c. **Primary Residency**. The Offering Documents contained material misstatements and omitted to disclose material information regarding the primary residency status of the mortgage properties – another key characteristic of the risk of the mortgage loans. The Defendants represented that certain specified percentages of the mortgage loan properties were primary residences of the borrower, instead of "second homes" or "investment properties," which carry more risk. However, in truth, the data provided by Defendants overstated the percentage of homes that were primary residences. Consequently, the statements in and omissions from the Offering Documents regarding the occupancy rates of the homes in the mortgage pools rendered the Offering Documents materially false and misleading.

d. **The Ratings Process**. Many of the Offering Documents contained material misstatements and omitted to disclose material information regarding the bases for the bonds' AAA ratings and ratings process. The Defendants represented that the Credit Rating Agencies conducted analysis that was designed to assess the likelihood of delinquency and defaults in the underlying mortgage pools. However, in truth, the ratings were based on insufficient information and faulty assumptions that vastly understated the true risk of the PLMBS, and overstated the quality of the securities. Consequently, the statements in and omissions from the Offering Documents regarding the PLMBS ratings rendered the Offering Documents materially false and misleading.

e. **Predatory Lending Representations and Warranties**. The Offering Documents contained material misstatements and omitted to disclose material information regarding the mortgage originators' compliance with state and federal predatory lending prohibitions. By policy, the Bank was not permitted to purchase any mortgage backed securities that were secured by mortgage loans that violated these prohibitions. The Defendants represented that the mortgage pools did not contain any mortgage loans that violated state and federal predatory lending prohibitions. However, in truth, the mortgage originators engaged in predatory lending, and, thus, the mortgage pools contained many loans that violated state and federal predatory lending restrictions. Consequently, the statements in and omissions from the Offering Documents regarding predatory lending rendered the Offering Documents materially false and misleading.

f. **Sponsors' Due Diligence**. Many of the Offering Documents contained material misstatements and omitted to disclose material information regarding the sponsors' due diligence on the mortgage loans in the PLMBS mortgage pools. The Offering Documents stated that the sponsors or third-parties retained by them inspected the underlying mortgage loans for compliance with the mortgage originators' underwriting and appraisal guidelines and documentation

6

requirements. However, the Offering Documents omit to state that the sponsors limited the scope of review to a small and inappropriate percentage of the total loans in the pools, and pressured the third-party due diligence firms to ignore deviations from the applicable underwriting criteria. The Offering Documents also omit to state that, despite this manipulation of the review process, the third-party underwriters informed the sponsors that a substantial percentage of loans in the loan pools backing the PLMBS were defective, and that the sponsors nonetheless waived the defects as to a substantial percentage of these loans and, in many cases, used this information about defective loans to negotiate lower prices for the loan pools. Consequently, the statements in and omissions from the Offering Documents regarding the sponsors' due diligence on the mortgage loans in the PLMBS mortgage pools rendered the Offering Documents materially false and misleading.

14.     The untrue, incomplete and materially misleading statements summarized above and discussed in detail below were made with respect to each of the PLMBS purchased by the Bank that are the subject of this lawsuit. The Bank reasonably relied on these statements and was misled by the omissions when deciding to purchase the securities, and the statements and omissions have caused them significant losses.

15.     As a result of these untrue statements in and omissions from the Offering Documents, the Bank purchased securities that were far riskier than represented by the Defendants, and that were not in truth "highest investment grade" as stated in the Offering Documents, but, instead, were low quality, high risk securities. All but one of the Certificates at issue in this case has been downgraded to below investment grade, *e.g.*, "junk," indicating a high probability of default. Furthermore, the Bank has already experienced losses on all Certificates in this action, including the three Certificates which the Credit Rating Agencies, for whatever reason, have not yet downgraded below investment grade.

## II.     JURISDICTION AND VENUE

16.     This Court has jurisdiction over the claims alleged in this action.

17.     This is an action for rescission and damages in an amount exceeding $25,000.

7

18.     This Court has subject matter jurisdiction over Plaintiff's state law claims that arise under the California Corporate Securities Law, Cal. Corp. Code §§ 25000 *et seq.*, and under California common law, because the Bank's claims arise from its transaction of business with Defendants within California with respect to Certificates CWL 2006-8 2A3, CWL 2006-9 3AV3, CWL 2006-17 2A2, CWL 2005-13 3AV3, CWL 2005-AB4 2A3, CWL 2005-15 2AV2, CWL 2006-12 2A2, CWHL 2006-HYB3 2A1A, CWALT 2006-OC8 1A2, WFHET 2006-2 A3, WFMBS 2006-AR13 A2, and WFMBS 2006-AR15 A2.

19.     This Court has subject matter jurisdiction over Plaintiff's state law claims that arise under the Illinois State Securities Law, 815 ILCS § 5, and under Illinois common law, because the Bank's claims arise from its transaction of business with Defendants within Illinois with respect to the offer and sale of Certificates CMLTI 2007-WFH1 A3, JPALT 2006-A5 1A1, JPMMT 2006-A5 2A1, and JPMMT 2006-A5 5A1.

20.     This Court has subject matter jurisdiction over Plaintiff's federal claims, which are brought pursuant to §§ 11, 12(a)(2) and 15 of the 33 Act, 15 U.S.C. §§ 77k, 77l(a)(2), and 77o, respectively, and pursuant to Section 22 of the 33 Act, 15 U.S.C. § 77v.

21.     The Defendants are subject to personal jurisdiction in this State pursuant to Cal. Civ. Pro. Code § 410.10 and 15 U.S.C. § 77v(a) with respect to certain of the securities because the Bank's claims arise from the transaction of business with Defendants within this State, and the offer and sale to the Bank of the Certificates that are the subject of this action, including certain Defendants' making of materially false and misleading statements and omission of material facts alleged herein, occurred in this State.

22.     Furthermore, the following Defendants registered to do business in California and have thereby submitted to the jurisdiction of this State: Banc of America Securities LLC; Barclays Capital Inc.; Citigroup Global Markets Inc.; Countrywide Financial Corporation; Countrywide

8

Securities Corporation; CWABS, Inc.; CWALT, Inc.; CWMBS, Inc.; J.P. Morgan Securities Inc.; JPMorgan Chase & Co; Morgan Stanley & Co., Inc., RBS Securities, Inc. (f/k/a Greenwich Capital Markets, Inc.); Wells Fargo & Company; and Wells Fargo Bank, National Association.

23.     Because its activities are not localized in one state, the Bank is not a citizen of any state under 28 U.S.C. § 1332(c), so the Federal courts have no jurisdiction of this action under 28 U.S.C. § 1332(a). Furthermore, pursuant to Section 22(a) of the 33 Act, 15 U.S.C. § 77v(a), Plaintiff's claims arising under the 33 Act may not be removed to federal court.

24.     Venue is proper in this County pursuant to Cal. Civ. Pro. Code § 395.5, § 392, and § 395(a). The offer and sale to the Bank of some of the Certificates that are the subject of this action, including certain Defendants' making of materially false and misleading statements and omission of material facts alleged herein, occurred in this County.

25.     The Bank asserts no claims against any entity that has filed for bankruptcy protection.

## III.     THE PARTIES

### A.     Plaintiff

26.     Plaintiff is a bank created by the Federal Home Loan Bank Act. The headquarters of the Bank are in the city of Chicago, County of Cook. Under its Organization Certificate, the Bank is to operate in Federal Home Loan Bank District 7, which comprises the states of Illinois and Wisconsin. The Bank does conduct business in each of those states. From time to time, the Bank also conducts business with the other 11 Federal Home Loan Banks. It also operates the Mortgage Partnership Finance Program®, a national mortgage purchase program.

27.     The Bank's operations are funded solely by its earnings and funds raised by issuing debt instruments (bonds and notes) in the capital markets through the Office of Finance, a joint Federal Home Loan Bank Office located in Virginia.

9

COMPLAINT FOR RESCISSION AND DAMAGES

28.     The Bank is capitalized solely by the capital-stock investments of its members and by its retained earnings.

29.     The Bank's members are all private financial institutions, including savings banks, savings and loan associations, cooperative banks, credit unions, and insurance companies.

30.     The Bank is not a federal agency, and the Bank is not a citizen of any state. The Bank is federally chartered, but privately capitalized and independently managed. The federal government is not involved in the day-to-day management of the Bank's operations. Management of the Bank is vested by law in the Bank's board of directors, all of whom are either elected by the Bank's shareholder members or appointed by the board of directors. No tax dollars are involved in the operation of the Bank, and the federal government does not own any of the Bank's stock.

31.     Members of the Bank's board of directors reside in both Wisconsin and Illinois.

32.     Employees of the Bank routinely travel to the offices of the Bank's members. In 2009, employees of the Bank made more than 110 business trips to members outside of Illinois.

**B.     Defendants**

33.     **Underwriter Defendant Banc of America Securities LLC** is a Delaware limited liability company. **Banc of America Securities LLC** underwrote Certificate CWL 2005-13 3AV3.

34.     **Underwriter Defendant Barclays Capital Inc.** is a Connecticut corporation. **Barclays Capital Inc.** underwrote Certificate CWL 2005-13 3AV3.

35.     **The Citigroup Entities**

A.     **Depositor Defendant Citigroup Mortgage Loan Trust Inc.** is a Delaware corporation. On information and belief, **Citigroup Mortgage Loan Trust Inc.** was formed and exists solely for the purpose of receiving and depositing mortgage loans into

10

1   trusts for PLMBS securitization. **Citigroup Mortgage Loan Trust Inc.** was the depositor

2   for Certificate CMLTI 2007-WFH1 A3.

3         B.    **Underwriter Defendant Citigroup Global Markets Inc.** is a New York

4   corporation. **Citigroup Global Markets Inc.** underwrote and sold Certificate CMLTI

5   2007-WFH1 A3 directly to the Bank.

6

7         C.    **Controlling Person Defendant Citigroup Financial Products, Inc.** is a

8   Delaware corporation. **Citigroup Financial Products, Inc.** is the parent company, with

9   100% direct ownership, and a controlling entity of **Citigroup Mortgage Loan Trust Inc.**

10   **Citigroup Financial Products, Inc.** is also the parent of Citigroup Global Markets Realty

11   Corp. (Sponsor of Certificate CMLTI 2007-WFH1 A3).

12         D.    **Controlling Person Defendant Citigroup Inc.** is a Delaware corporation.

13   **Citigroup Inc.** is its parent company, with 100% direct or indirect ownership, and a

14   controlling entity of **Citigroup Mortgage Loan Trust Inc., Citigroup Financial**

15   **Products, Inc.** and **Citigroup Global Markets Inc. Citigroup Inc.** is also the parent of

16   Citigroup Global Markets Realty Corp.

17

18   36.    **The Countrywide Entities**

19         A.    **Depositor Defendant CWABS, Inc.** is a Delaware corporation with its

20   principal office located in Calabasas, California. On information and belief, **CWABS, Inc.**

21   was formed and existed solely for the purpose of receiving and depositing mortgage loans

22   into trusts for PLMBS securitization. **CWABS, Inc.** was the depositor for Certificates

23   CWL 2006-8 2A3, CWL 2006-9 3AV3, CWL 2006-17 2A2, CWL 2005-13 3AV3, CWL

24   2005-AB4 2A3, CWL 2005-15 2AV2, and CWL 2006-12 2A2.

25

26         B.    **Depositor Defendant CWALT, Inc.** is a Delaware corporation with its

27   principal office located in Calabasas, California. On information and belief, **CWALT,**

28

<div align="center">11</div>

<div align="center">COMPLAINT FOR RESCISSION AND DAMAGES</div>

Inc. was formed and existed solely for the purpose of receiving and depositing mortgage loans into trusts for PLMBS securitization. **CWALT, Inc.** was the depositor for Certificate CWALT 2006-OC8 1A2.

C.   **Depositor Defendant CWMBS, Inc.** is a Delaware corporation with its principal office located in Calabasas, California.  On information and belief, **CWMBS, Inc.** was formed and existed solely for the purpose of receiving and depositing mortgage loans into trusts for PLMBS securitization. **CWMBS, Inc.** was the depositor for Certificate CWHL 2006-HYB3 2A1A.

D.   **Underwriter Defendant Countrywide Securities Corporation** is a California corporation with its principal office located in Granada, Calabasas, California. **Countrywide Securities Corporation** underwrote the following Certificates: CWL 2006-8 2A3, CWL 2006-9 3AV3, CWL 2006-17 2A2, CWL 2005-13 3AV3, CWL 2005-AB4 2A3, CWL 2005-15 2AV2, CWL 2006-12 2A2, CWHL 2006-HYB3 2A1A, CWALT 2006-OC8 1A2, and sold Certificates CWL 2006-8 2A3, CWL 2006-9 3AV3, CWL 2006-17 2A2, CWL 2005-13 3AV3, CWL 2005-AB4 2A3, CWL 2005-15 2AV2, CWL 2006-12 2A2, and CWALT 2006-OC8 1A2 directly to the Bank.

E.   **Controlling Person Defendant Countrywide Financial Corporation** is a Delaware corporation with its principal office located in Calabasas, California.  At the time the Bank acquired the relevant Certificate(s), **Countrywide Financial Corporation** was a holding company which, through its subsidiaries, was engaged in mortgage lending and other real estate finance-related businesses, including mortgage banking, banking and mortgage warehouse lending, dealing in securities and insurance underwriting. **Countrywide Financial Corporation** managed its business through five business segments:  Mortgage Banking; Banking; Capital Markets; Insurance; and Global

12

COMPLAINT FOR RESCISSION AND DAMAGES

1   Operations.  The mortgage banking business segment was **Countrywide Financial**

2   **Corporation's** core business and generated 48 percent of the Countrywide Financial

3   Corporation's pre-tax earnings in 2006.  **Countrywide Financial Corporation** is the

4   parent company and a controlling entity of **CWABS, Inc., CWALT, Inc., CWMBS, Inc.,**

5   and the parent company, with 75% or more indirect ownership, and controlling entity of

6   **Countrywide Securities Corporation.  Countrywide Financial Corporation** is also the

7   parent company of sponsor and originator Countrywide Home Loans, Inc. (sponsor of

8   Certificates CWL 2006-8 2A3, CWL 2006-9 3AV3, CWL 2006-17 2A2, CWL 2005-13

9   3AV3, CWL 2005-AB4 2A3, CWL 2005-15 2AV2, CWL 2006-12 2A2, CWHL 2006-

10   HYB3 2A1A, CWALT 2006-OC8 1A2; an originator of loans for the offerings in which

11   the Bank purchased Certificates CWL 2006-8 2A3, CWL 2006-9 3AV3, CWL 2006-17

12   2A2, CWL 2005-13 3AV3, CWL 2005-AB4 2A3, CWL 2005-15 2AV2, CWL 2006-12

13   2A2, CWHL 2006-HYB3 2A1A, and CWALT 2006-OC8 1A2).

14       37.    Underwriter Defendant **Greenwich Capital Markets, Inc.** is a Delaware

15   corporation.  **Greenwich Capital Markets, Inc** is a registered broker-dealer engaged in the U.S.

16   government securities market and related capital markets business, and underwrote Certificate

17   CWL 2005-15 2AV2.  Pursuant to its Restated Certificate of Incorporation, dated April 1, 2009,

18   **Greenwich Capital Markets, Inc.** legally changed its name to **RBS Securities Inc.**  All

19   references herein to **Greenwich Capital Markets, Inc.** are also to **RBS Securities Inc.**

20       38.    The JP Morgan Chase Entities

21           A.    Depositor Defendant **J.P. Morgan Acceptance Corporation I** is a

22   Delaware corporation.  On information and belief, **J.P. Morgan Acceptance Corporation**

23   **I** was formed and exists solely for the purpose of receiving and depositing mortgage loans

24   into trusts for PLMBS securitization.  **J.P. Morgan Acceptance Corporation I** was the

13

COMPLAINT FOR RESCISSION AND DAMAGES

depositor for Certificates JPALT 2006-A5 1A1, JPMMT 2006-A5 2A1 and JPMMT 2006-A5 5A1.

      B.     **Underwriter Defendant J.P. Morgan Securities Inc.** is a Delaware corporation. **J.P. Morgan Securities Inc.** underwrote the following Certificates: CWL 2005-AB4 2A3, JPALT 2006-A5 1A1, JPMMT 2006-A5 2A1, JPMMT 2006-A5 5A1, and sold Certificates JPALT 2006-A5 1A1, JPMMT 2006-A5 2A1, and JPMMT 2006-A5 5A1 directly to the Bank.

      C.     At all relevant times, **Controlling Person Defendant JPMorgan Securities Holdings LLC**, a Delaware limited liability company, was the parent company, with 100% ownership, and controlling entity of **J.P. Morgan Acceptance Corporation I** and **J.P. Morgan Securities Inc.**

      D.     **Controlling Person Defendant JPMorgan Chase & Co.**, a Delaware corporation, is the parent company, with 100% ownership, and controlling entity of **JPMorgan Securities Holdings LLC, J.P. Morgan Acceptance Corporation I** and **J.P. Morgan Securities Inc.** JP Morgan Chase & Co. is also the parent company of Chase Home Finance LLC, which originated loans for the offerings in which the Bank purchased Certificates JPALT 2006-A5 1A1, JPMMT 2006-A5 2A1 and JPMMT 2006-A5 5A1, and J.P. Morgan Mortgage Acquisition Corp., the sponsor of Certificates JPALT 2006-A5 1A1, JPMMT 2006-A5 2A1 and JPMMT 2006-A5 5A1.

    39.    **Underwriter Defendant Morgan Stanley & Co. Incorporated** is a Delaware corporation. **Morgan Stanley & Co. Incorporated** underwrote Certificate WFMBS 2006-AR13 A2, and sold it directly to the Bank.

COMPLAINT FOR RESCISSION AND DAMAGES

40.    **The Wells Fargo Entities**

A.    **Depositor Defendant Wells Fargo Asset Securities Corporation** is a Delaware corporation.  On information and belief, **Wells Fargo Asset Securities Corporation** was formed and exists solely for the purpose of receiving and depositing mortgage loans into trusts for PLMBS securitization.  Wells Fargo Asset Securities Corp. was the depositor for Certificates WFHET 2006-2 A3, WFMBS 2006-AR13 A2, and WFMBS 2006-AR15 A2.

B.    **Controlling Person Defendant Wells Fargo Bank, National Association,** a nationally chartered bank, is the parent company, with 100% ownership, and controlling entity of **Wells Fargo Asset Securities Corporation.  Wells Fargo Bank, National Association** is also the sponsor of Certificate WFHET 2006-2 A3, WFMBS 2006-AR13 A2 and WFMBS 2006-AR15 A2 and an originator of loans for the offering in which the Bank purchased Certificates CMLTI 2007-WFH1 A3, WFHET 2006-2 A3, WFMBS 2006-AR13 A2 and WFMBS 2006-AR15 A2.

C.    **Controlling Person Defendant Wells Fargo & Company**, a Delaware corporation with its principal office located in San Francisco, California, is the parent corporation, with 100% direct or indirect ownership, and controlling entity of **Wells Fargo Asset Securities Corporation** and **Wells Fargo Bank, National Association.**  Wells Fargo is a financial services company that provides retail, commercial and corporate banking services.  Wells Fargo & Company provides financial services through subsidiaries that are engaged in various businesses, including: wholesale banking, mortgage banking, consumer finance, securities brokerage and investment banking, and mortgage-backed securities servicing.

COMPLAINT FOR RESCISSION AND DAMAGES

41.    In sum, the following Defendants, collectively referred to as the **"Depositor/Issuer Defendants,"** received or purchased and transferred or sold pools of assets to the issuing trusts identified below, securitized in the bonds identified below, and were the "issuers" of the securities[2]:

| Depositor/Issuer Defendants | Issuing Trust | Security |
|---|---|---|
| Citigroup Mortgage Loan Trust Inc. | Citigroup Mortgage Loan Trust 2007-WFHE1 | CMLTI 2007-WFH1 A3 |
| CWABS, Inc. | CWABS Asset-Backed Certificates Trust 2005-13 | CWL 2005-13 3AV3 |
| | CWABS Asset-Backed Certificates Trust 2005-15 | CWL 2005-15 2AV2 |
| | CWABS Asset-Backed Certificates Trust 2005-AB4 | CWL 2005-AB4 2A3 |
| | CWABS Asset-Backed Certificates Trust 2006-12 | CWL 2006-12 2A2 |
| | CWABS Asset-Backed Certificates Trust 2006-17 | CWL 2006-17 2A2 |
| | CWABS Asset-Backed Certificates Trust 2006-8 | CWL 2006-8 2A3 |
| | CWABS Asset-Backed Certificates Trust 2006-9 | CWL 2006-9 3AV3 |
| CWALT, Inc. | Alternative Loan Trust 2006-OC8 | CWALT 2006-OC8 1A2 |
| CWMBS, Inc. | CHL Mortgage Pass-Through Trust 2006-HYB3 | CWHL 2006-HYB3 2A1A |
| J.P. Morgan Acceptance Corporation I | J.P. Morgan Alternative Loan Trust 2006-A5 | JPALT 2006-A5 1A1 |
| | J.P. Morgan Mortgage Trust 2006-A5 | JPMMT 2006-A5 2A1 JPMMT 2006-A5 5A1 |
| Wells Fargo Asset Securities Corporation | Wells Fargo Home Equity Asset-Backed Securities 2006-2 Trust | WFHET 2006-2 A3 |

[2] *See* 17 C.F.R. § 230.191 ("The depositor for the asset-backed securities acting solely in its capacity as depositor to the issuing entity is the issuer for purposes of the asset-backed securities of that issuing entity").

16

COMPLAINT FOR RESCISSION AND DAMAGES

| Depositor/Issuer Defendants | Issuing Trust | Security |
|---|---|---|
| | Wells Fargo Mortgage Backed Securities 2006-AR13 Trust | WFMBS 2006-AR13 A2 |
| | Wells Fargo Mortgage Backed Securities 2006-AR15 Trust | WFMBS 2006-AR15 A2 |

42.   In sum, the following Defendants, collectively referred to as the "**Underwriter Defendants**," purchased the securities identified herein from the Depositor/Issuer Defendants (defined and identified above) and offered or sold the securities to the Bank.  Together with the Depositor/Issuer Defendants, the Underwriter Defendants prepared the Offering Documents for the securities and offered and/or sold them to the Bank.

| Underwriter Defendants | Securities |
|---|---|
| Banc of America Securities LLC | CWL 2005-13 3AV3 |
| Barclays Capital Inc. | CWL 2005-13 3AV3 |
| Citigroup Global Markets Inc. | CMLTI 2007-WFH1 A3 |
| Countrywide Securities Corporation | CWL 2006-8 2A3<br>CWL 2006-9 3AV3<br>CWL 2006-17 2A2<br>CWL 2005-13 3AV3<br>CWL 2005-AB4 2A3<br>CWL 2005-15 2AV2<br>CWL 2006-12 2A2<br>CWHL 2006-HYB3 2A1A<br>CWALT 2006-OC8 1A2 |
| Greenwich Capital Markets, Inc. | CWL 2005-15 2AV2 |
| J.P. Morgan Securities Inc. | CWL 2005-AB4 2A3<br>JPALT 2006-A5 1A1<br>JPMMT 2006-A5 2A1<br>JPMMT 2006-A5 5A1 |
| Morgan Stanley & Co. Incorporated | WFMBS 2006-AR13 A2 |

17

COMPLAINT FOR RESCISSION AND DAMAGES

43. In sum, the following Defendants, collectively referred to as the **"Controlling Person Defendants,"** controlled the Depositor/Issuer Defendants and/or Underwriter Defendants as set forth herein:

| Controlling Person | Controlled Defendant | Defendant |
|---|---|---|
| Citigroup Financial Products, Inc. | Citigroup Mortgage Loan Trust Inc. | Depositor |
| Citigroup Inc. | Citigroup Global Markets Inc. | Underwriter |
| | Citigroup Mortgage Loan Trust Inc. | Depositor |
| Countrywide Financial Corporation | Countrywide Securities Corporation | Underwriter |
| | CWABS, Inc. | Depositor |
| | CWALT, Inc. | Depositor |
| | CWMBS, Inc. | Depositor |
| JPMorgan Chase & Co. | J.P. Morgan Acceptance Corporation I | Depositor |
| | J.P. Morgan Securities Inc. | Underwriter |
| JPMorgan Securities Holdings LLC | J.P. Morgan Acceptance Corporation I | Depositor |
| | J.P. Morgan Securities Inc. | Underwriter |
| Wells Fargo & Company | Wells Fargo Asset Securities Corporation | Depositor |
| Wells Fargo Bank, National Association | Wells Fargo Asset Securities Corporation | Depositor |

## C.    The John Doe Defendants

44. Defendants John Doe 1-50 are other Depositor/Issuers, Underwriters, Controlling Persons, and/or others who are jointly and severally or otherwise liable for the misstatements, omissions, and other wrongful conduct alleged herein, including the liability with respect to the Certificates at issue in this case. The John Does may include persons or entities that are not named as Defendants at this time because Plaintiff has insufficient information as to the extent, if any, of their involvement in and liability for the matters alleged herein. Plaintiff will amend this Complaint to allege the true names and capacities of these Defendants when ascertained.

## IV.   FACTUAL BACKGROUND

**A.   Mechanics of Mortgage Backed Securities**

**1.   The Securitization Process**

45.     Like all residential mortgage backed securities, the PLMBS purchased by the Bank were created in a process known as "mortgage securitization."  Mortgage securitization is a process by which mortgage loans are acquired from "mortgage originators," pooled together, and securities constituting interests in the cash flow from the mortgage pools are then sold to investors. The securities are referred to as "mortgage pass-through securities" because the cash flow from the pool of mortgages is "passed through" to the securities holders when payments are made by the underlying mortgage borrowers.

46.     Securitization involves several entities who perform distinct tasks, though, as often was the case with the PLMBS purchased by the Bank, many or all of the entities may be subsidiaries or affiliates of a single parent or holding company.  *See* § IV.D *infra*.  The first step in creating a mortgage pass-through security such as the PLMBS purchased by the Bank is the acquisition by a "**depositor**" (referred to herein as "depositor" or "depositor/issuer") of an inventory of loans from a "**sponsor**" or "**seller**" which either originates the loans or acquires the loans from other mortgage originators in exchange for cash.  The depositor is often a subsidiary or other affiliate of, and controlled by, the sponsor.  *See id.*

47.     The depositor then securitizes the pool of loans by forming one or more mortgage pools with the inventory of loans, and creating tranches of interests in the mortgage pools with various levels of seniority.  Interests in these tranches are then issued by the depositor (who then serves as the "**issuer**") through a trust in the form of bonds, or certificates.

48.     Each tranche has a different level of purported risk and reward, and, often, a different rating.  The most senior tranches often receive the highest investment grade rating, AAA.

COMPLAINT FOR RESCISSION AND DAMAGES

Junior tranches, which usually have lower ratings, are more exposed to risk, but offer higher potential returns. The most senior tranches of securities will be entitled to payment in full before the junior tranches. Conversely, losses on the underlying loans in the asset pool – whether due to default, delinquency, or otherwise – are allocated first to the most subordinate or junior tranche of securities, then to the tranche above that. This hierarchy in the division of cash flows is referred to as the **"flow of funds"** or **"waterfall."**

49.     The depositor/issuer works with one or more of the nationally-recognized credit rating agencies – Fitch Ratings, Standard & Poor's Rating Services ("S&P"), and Moody's Investor Services, Inc. (collectively, the "Credit Rating Agencies") – to ensure that each tranche of the mortgage pass-through certificate receives the rating desired by the depositor/issuer (and underwriter). For PLMBS, this meant a AAA rating for the senior tranche, and lower ratings for the subordinated tranches  Once the asset pool is securitized,  the certificates are issued to one or more **"underwriters"**  (typically Wall Street banks), who resell them to investors, such as the Bank.

50.     Because the cash flow from the loans in the mortgage pool of a securitization is the source of funds to pay the holders of the securities issued by the trust, the credit quality of the securities depends largely on the credit quality of the loans in the mortgage pool. The collateral pool for PLMBS often includes thousands of loans. Detailed information about the credit quality of the loans is contained in the "loan files" developed and maintained by the mortgage originators – originators that are often, and as identified herein, affiliated with and/or controlled by other parties to the securitization or one or more common controlling entities – when making the loans. For residential mortgage loans, such as the loans that backed the PLMBS purchased by the Bank, each loan file normally contains documents including the borrower's application for the loan, verification of income, assets, and employment, references, credit reports, an appraisal of the

<div align="center">20</div>

property that will secure the loan and provide the basis for other measures of credit quality, such as loan-to-value ratios, and occupancy status.  The loan file should also include notes from the person who underwrote the loan describing the loan's purported compliance with underwriting guidelines, and documentation of "compensating factors" that justified any departure from those standards.

51.     Investors in RMBS do not have access to the loan files that are generated when the loans are originated.  Instead, the sponsors, depositors/issuers, and the underwriters – parties to the securitization that are often, and as identified herein, affiliated with and/or controlled by other parties to the securitization or one or more common controlling entities – are responsible for gathering and verifying information about the credit quality and characteristics of the loans that are deposited into the trust, and presenting this information in prospectuses or other offering documents that are prepared for potential investors.  This due diligence process is a critical safeguard for investors and a fundamental legal obligation of the sponsors, the depositor/issuers and the underwriters.

**2.     The Rating Process for PLMBS**

52.     Because, like many institutional investors, the Bank was permitted to buy only AAA-rated tranches of these securities, the credit rating of the tranches of PLMBS it purchased was material to its investment decision.

53.     In any PLMBS, the credit rating of each tranche is negotiated between the depositor/issuer of the securities and the credit rating agencies.  In this process, the depositor/issuer provides the credit rating agency with the purported characteristics of the underlying asset pool.  The credit rating agency is then supposed to evaluate, among other things:

a.     The credit quality of the collateral – *i.e.*, the underlying obligor's ability to pay and the obligor's equity in the asset;

21

b.      The experience and underwriting standards of the originators of the

underlying loans;

c.      The loan characteristics reported by the depositor/issuer as underlying a

particular transaction;

d.      The default rates, historic recovery rates, and concentration of the loans;

e.      The ability of the servicer to perform all the activities for which the servicer

will be responsible; and

f.      The extent to which the cash flow from the collateral can satisfy all of the

obligations of the PLMBS transaction.  The cash flow payments which must be

made from the asset pool are interest and principal to investors, servicing fees, and

any other expenses for which the depositor/issuer is liable.  The rating agencies are

supposed to stress-test the flow of funds to determine whether the cash flows match

the payments that are required to be made to satisfy the depositor/issuer's

obligations.

54.     After evaluating these factors, the credit rating agency issues a rating for the

security.  This credit rating should be a reflection of both the riskiness of the loans in the asset

pool and the seniority of the tranche.  If the rating that the credit rating agency assigns to the

tranche is not in accord with the issuer's target, then the depositor/issuer may **"credit enhance"**

the structure.  Such credit enhancement may include overcollateralization (*i.e.*, including in the

pool mortgages whose aggregate principal balances exceeds the aggregate principal balances of

the certificates secured thereby), cash reserve accounts, excess spread (scheduled cash inflows

from the mortgages in excess of the interest service requirements of the secured certificates), or

third party contracts (whereby losses suffered by the asset pool are absorbed by an insurer or other

22

COMPLAINT FOR RESCISSION AND DAMAGES

counter party).  By using credit enhancement, a depositor/issuer may be able to elevate a bond to the highest credit rating.

55.   All of the Certificates that the Bank purchased were senior certificates that were rated AAA when the Bank purchased them.

56.   The following graphic illustrates the securitization process:



Source: WSJ Reporting

**B.   The Mortgage Originators Abandoned Underwriting and Appraisal Standards and Engaged in Predatory Lending.**

**1.   The Shift from "Originate to Hold" to "Originate to Distribute" Securitization Incentivized Mortgage Originators to Disregard Loan Quality.**

57.   As noted above, the fundamental basis upon which mortgage pass-through certificates are valued is the ability of the borrowers to repay the principal and interest on the underlying loans and the adequacy of the collateral for those loans.  If the borrowers cannot pay, and the collateral is insufficient, the cash flow from the certificate diminishes, and the investors are exposed to losses.  For this reason, the underwriting standards and practices of the mortgage originators who issued loans that back MBS, and the representations in the Offering Documents regarding those standards, are critically important to the value of the securities, and the investors' decisions to purchase the securities.

23

COMPLAINT FOR RESCISSION AND DAMAGES

58.     Yet, unbeknownst to the Bank, during the time frame that the Bank purchased the PLMBS at issue in this case, mortgage originators: (a) effectively abandoned their stated underwriting standards; (b) allowed pervasive and systematic exceptions to their stated underwriting standards without proper justification; (c) adopted practices such that variance from their stated underwriting practices was the norm; and (d) disregarded credit risk and quality controls in favor of generating loan volume.  As has only now become clear, this was the result of a fundamental shift in the mortgage securitization markets.

59.     In the 1980s and 1990s, under the traditional model, mortgage originators held the mortgage loans they provided to borrowers through the term of the loan.  They would therefore profit from the obligor's payment of interest and repayment of principal, but also bear the risk of loss if the obligor defaulted and the property value was insufficient to repay the loan.  As a consequence of this arrangement, the originator was economically vested in establishing the creditworthiness of the obligor and the true value of the underlying property by appraising it before issuing the mortgage loans.

60.     Additionally, the mortgage securitizations that took place in the 1980s and 1990s generally fell within the domain of GSEs Fannie Mae and Freddie Mac.  These GSEs purchased the loans from the originators, securitized them, and sold them to investors.  Investors in the early GSE securitizations were provided protections because the underlying loans were originated pursuant to strict underwriting guidelines, and the GSEs guaranteed that the investors would receive timely payments of principal and interest.  Because the GSEs were perceived as being backed by the federal government, investors viewed the guarantees as diminishing credit risk, if not removing it altogether.

61.     Between 2001 and 2006, however, Wall Street banks moved aggressively into the securitization markets, taking market share away from the GSEs.  Unlike the GSEs, the Wall

24
COMPLAINT FOR RESCISSION AND DAMAGES

Street banks focused primarily on Alt-A, subprime, and jumbo prime mortgage pools because of

the higher fees that were available.  Likewise, investors sought higher returns offered by non-

agency MBS.  As a result, non-agency loan originations and securitizations grew dramatically as

shown by the following table:

|  | 2001 | 2006 |
|---|---|---|
| GSE Loan Originations | **$1.433 trillion** | **$1.040 trillion** |
| GSE Securitizations | **$1.087 trillion** | **$904 billion** |
| Non-GSE Loan Originations | **$680 billion** | **$1.480 trillion** |
| Non-GSE Securitizations | **$240 billion (including $87 billion of subprime and $11 billion of Alt-A securitizations)** | **$1.033 trillion (including $449 billion of subprime and $366 of Alt-A securitizations)** |

*Source: Inside Mortgage Finance* (2007).

62.    Thus, from 2001 to 2006, non-GSE loan originations more than doubled and non-

GSE securitizations more than quadrupled, while GSE loan originations and securitization

contracted.  Moreover, during this time the non-GSE Alt-A and subprime securitization activity

skyrocketed, increasing eight-fold during the period from $98 billion to $815 billion.

63.    As the Financial Crisis Inquiry Commission ("FCIC") reported in April 2010,

"[t]he amount of all outstanding mortgages held in non[Agency] MBS rose notably from only

$670 billion in 2004 to over $2,000 billion in 2006."  This statistic demonstrates the dramatic

growth of the PLMBS market during this time.  FCIC, Preliminary Staff Report: Securitization

and the Mortgage Crisis 12 (Apr. 7, 2010).

64.    This enormous increase in PLMBS securitization is reflected in the securitization

volume of the sponsors of the PLMBS purchased by the Bank.  For example, between 2003 and

2006, Citigroup reported that its Prime/Alt-A securitizations nearly quintupled, from $2.2 billion

25

1   to $10.9 billion, and its subprime securitization increased from $306 million to $10.3 billion

2   (3000%+ increase).  Other sponsors – primarily Wall Street banks – similarly expanded their

3   securitization business during the same time period.

4          65.     This shift was fueled by the complex interaction between record high global

5   savings, referred to by Federal Reserve Chairman Ben Bernanke as the "global savings glut,"

6   exceedingly low interest rates.  Low interest rates made it easier and more appealing for

7   consumers to take out home mortgage loans.  But the low Federal Reserve rate also meant that the

8   global pool of investors received only marginal returns on traditional low-risk investments, in

9   particular U.S. Government Bonds.  This created an incentive for Wall Street banks to create

10  seemingly low-risk investment options that produced returns in excess of those of government

11  bonds:  PLMBS securitization was their answer.  Following the model created by the GSEs, the

12  Wall Street banks began buying pools of mortgages from mortgage originators, securitizing the

13  pools, and selling the bonds to global investors.  Because mortgage interest rates (and even more

14

15  so Alt-A and subprime rates) generally exceeded those of U.S. Government bonds, the resulting

16  PLMBS could provide investors with the higher rate of return they were seeking.

17

18         66.     The one complication that the Wall Street banks needed to solve was the rating of

19  the securities.  Debt securities secured by pools of mortgages made to lower credit quality

20  borrowers would generally fail to meet the investment grade requirements of most institutional

21  investors.  The Wall Street banks' solution was to divide the risks into "tranches" as discussed

22  above, referred to generally as "structured finance."  As a general rule, this allowed Wall Street to

23  convert up to 80% of any particular PLMBS into "investment grade" securities.  The remaining

24  20% was often purchased by hedge funds and other entities that were able to buy non-investment

25

26  grade securities.  This development opened the floodgates for the securitization and sale of

27  PLMBS.

28

<center>26</center>
<center>COMPLAINT FOR RESCISSION AND DAMAGES</center>

67.     To ensure that the flood of securitizations and sale of PLMBS did not abate, the Wall Street banks bankrolled the lenders (both the ones they owned and those that were independent) so that the lenders had ample capital to issue loans. Indeed, a recent study by The Center for Public Integrity found that 21 of the top 25 subprime lenders (in terms of loan volume) were either owned outright by the biggest banks or former investment houses, or had their subprime lending hugely financed by those banks, either directly or through lines of credit. *See Who Is Behind the Financial Meltdown: The Top 25 Subprime Lenders and their Wall Street Backers,* The Center for Public Integrity (May 6, 2009) http://www.publicintegrity.org/investigations/economic_meltdown/the_subprime_25/.

68.     As the PLMBS market expanded, the traditional "originate to hold" model morphed into the "originate to distribute" model. Under the new "originate to distribute" model, mortgage originators no longer held the mortgage loans to maturity. Rather, mortgage originators sold the loans to Wall Street banks and other major financial institutions and shifted the risk of loss to the investors who purchased an interest in the securitized pool of loans.

69.     The new distribution model was highly profitable for the mortgage originators in the short term. By securitizing and selling the mortgages to investors through underwriter/dealers, the mortgage originators shifted loans off their books, earned fees and, thus, were able to issue more loans. Additionally, the securitization process enabled the originators to earn most of their income from transaction and loan-servicing fees, rather than (in the traditional model) from the spread between interest rates paid on deposits and interest rates received on mortgage loans. This created an unchecked incentive to originate more and more loans to feed into the securitization machine.

70.     In testimony before the FCIC, Sheila C. Bair, Chair of the Federal Deposit Insurance Corporation, explained both the misalignment of incentives arising from the sale of

27

1    loans and the misalignment created by flawed compensation practices within the origination

2    industry:

> The standard compensation practice of mortgage brokers and bankers was based on
> the volume of loans originated rather than the performance and quality of the loans
> made. From the underwriters' perspective, it was not important that consumers be
> able to pay their mortgages when interest rates reset, because it was assumed the
> loans would be refinanced, generating more profit by ensuring a steady stream of
> customers. The long-tail risk posed by these products did not affect mortgage
> brokers and bankers' incentives because these mortgages were sold and securitized.

8    71.    The Attorney General for the Commonwealth of Massachusetts came to the same

9    conclusion in her investigation into the subprime mortgage industry, THE AMERICAN DREAM

10   SHATTERED: THE DREAM OF HOMEOWNERSHIP AND THE REALITY OF PREDATORY LENDING ("The

11   Massachusetts AG Predatory Lending Report").  This report explains:

> Historically, the vast majority of home mortgages were written by banks which
> held the loans in their own portfolios, knew their borrowers, and earned profit by
> writing good loans and collecting interest over many years. Those banks had to live
> with their "bad paper" and thus had a strong incentive to avoid making bad loans.
> In recent years, however, the mortgage market has been driven and funded by the
> sale and securitization of the vast majority of loans. Lenders now frequently make
> mortgage loans with the intention to promptly sell the loan and mortgage to one or
> more entities. ... The lenders' incentives thus changed from writing good loans to
> writing a huge volume of loans to re-sell, extracting their profit at the front end,
> with considerably less regard to the ultimate performance of the loans.

19   72.    An internal memorandum drafted by the former Credit Risk Officer at Countrywide

20   Financial demonstrates how originators recognized the link between reduced underwriting

21   standards and the ability to pass the resultant associated risks on to third parties.  The Credit Risk

22   Officer explained that "[Underwriting] Guidelines have become more aggressive ....

23   Furthermore, the portion of our nonconforming loans that are expanded criteria has increased.

24   Because the sub holders bear most of the credit risk we are not directly exposed to the expansion

25   of guidelines or change of mix."  Exhibit 1 to Declaration of Paris Wynn in Support of Plaintiff

26   SEC's Ex Parte Application for Relief from Deposition Duration Limit for Deposition of John P.

27   McMurray, *SEC v. Mozilo, et al.* No. 09-3994, (C.D. Cal.).

28

73.     As far as lenders were concerned, their profits were generated by origination of as many loans as possible, and once these loans were packaged and securitized, repayment risk was someone else's problem.

74.     As Ben Bernanke, Chairman of the Federal Reserve Bank, explained in Congressional testimony:

> When an originator sells a mortgage and its servicing rights, depending on the terms of the sale, much or all of the risks are passed on to the loan purchaser. Thus, originators who sell loans may have less incentive to undertake careful underwriting than if they kept the loans. Moreover, for some originators, fees tied to loan volume made loan sales a higher priority than loan quality. This misalignment of incentives, together with strong investor demand for securities with high yields, contributed to the weakening of underwriting standards.

### 2.   Mortgage Originators Abandoned Underwriting Guidelines in Order to Initiate Loans for Securitization.

75.     The misalignment of incentives following the shift to the "originate to distribute model," noted by Mr. Bernanke and others following the collapse of the mortgage market, caused mortgage originators to violate their stated underwriting and appraisal standards, and to accept, encourage and even fabricate their own untrue information from loan applicants. This was not a problem limited to one or a few mortgage originators, but, rather, was pervasive among mortgage originators, including those that issued the loans that backed the PLMBS purchased by the Bank. Mortgage originators and the financial institutions that bankrolled them sought loan volume, not loan quality, in order to profit from the securitization market.

76.     In addition, coincident with the widespread transfer to MBS purchasers of the default risk attached to mortgage loans, mortgage originators expanded the practice of originating highly risky nontraditional loans. In a marked departure from traditional mortgage origination procedures, originators offered a variety of reduced documentation programs in which the verification or substantiation of the applicant's statements of income, assets and employment history was limited or non-existent. While these programs were touted as providing for

29

COMPLAINT FOR RESCISSION AND DAMAGES

1  "streamlined" underwriting, in fact they were devices whereby originators could make loans to

2  borrowers who otherwise never would have qualified.  When these loans were securitized,

3  investors were assured that reduced documentation programs were available only where the

4  borrower satisfied certain FICO criteria, such as minimum FICO scores, or loan-to-value and debt-

5  to-income ratios.  In fact, the originators lacked any principled basis on which to evaluate the

6  increased credit risk posed by what would eventually become colorfully and generally accurately

7  known as "Liar Loans," or "NINJA loans" (for "no income, no job or assets") loans.  Moreover,

8  the widespread granting of exceptions to underwriting standards meant that the minimal

9  safeguards associated with the reduced documentation programs were often abandoned in the

10  headlong rush to maximize origination volume.  Additionally, mortgage underwriters would often

11  begin the underwriting of an applicant's loan under full documentation procedures, only to transfer

12  the loan applicant to a "No Doc" program upon learning of information that would disqualify the

13  applicant under the full documentation procedures.

14

15

16       77.    As John C. Dugan, Comptroller of the Currency testified to the FCIC on April 8,

17  2010, following his description of poor underwriting practices:

18       The combination of all the factors I have just described produced, on a nationwide
19       scale, the worst underwritten mortgages in our history. When house prices finally
         stopped rising, borrowers could not refinance their way out of financial difficulty.
20       And not long after, we began to see the record levels of delinquency, default,
         foreclosures, and declining house prices that have plagued the United States for the
21       last two years – both directly and through the spillover effects to financial
         institutions, financial markets, and the real economy.
22

23  **3.    Mortgage Originators Manipulated Appraisals of Collateralized Real Estate in Order to Initiate Loans for Securitization.**

24

25       78.    Accurate appraisals prepared in accordance with established appraisal standards are

26  essential for MBS investors to evaluate the credit risk associated with their investment.  Indeed the

27  loan-to-value metric is among the most significant characteristic of a mortgage pool because it

28  defines the extent of the investors "equity cushion" (*i.e.,* the degree to which values may decline

---

30

COMPLAINT FOR RESCISSION AND DAMAGES

without the investor suffering a loss), and it is strongly indicative of the borrowers' likelihood of defaulting (because as a borrower's equity decreases, particularly to single digit percentages or below, the borrower's incentive to keep the mortgage current, or the property in good condition, decreases dramatically). But in the absence of properly prepared appraisals, the value component of the loan-to-value metric is unreliable and the metric itself becomes meaningless. The appraisal practices of the mortgage originators who issued loans that back MBS, and the accuracy of the representations in the Offering Documents regarding those practices, were critically important to the value of the securities, and to the investors' decisions to purchase the securities.

79.    Appraisers are governed by the Uniform Standards of Professional Appraisal Practice ("USPAP"), which is promulgated by the Appraisal Standards Board. The USPAP contains a series of ethical rules designed to ensure the integrity of the appraisal process. For example, the USPAP Ethics Conduct Rule provides: "An appraiser must perform assignments with impartiality, objectivity, and independence, and without accommodation of personal interests."

80.    The USPAP Ethics Conduct Rule states: "An appraiser must not accept an assignment that includes the reporting of predetermined opinions and conclusions."

81.    The USPAP Ethics Management Rule states:

It is unethical for an appraiser to accept an assignment, or to have a compensation arrangement for an assignment, that is contingent on any of the following:

1. the reporting of a predetermined results (e.g. opinion of value);

2. a direction in assignment results that favors the cause of a client;

3. the amount of a value opinion;

4. the attainment of a stipulated results; or

5. the occurrence of a subsequent event directly related to the appraiser's opinions and specific to the assignment's purpose.

31

COMPLAINT FOR RESCISSION AND DAMAGES

82.    The Appraisal Standards Board also issues Advisory Opinions regarding

appropriate appraisal conduct.  Advisory Opinion 19 states in part:

> Certain types of conditions are unacceptable in any assignment because performing
> an assignment under such condition violates USPAP.  Specifically, an assignment
> condition is unacceptable when it:
>
> - precludes an appraiser's impartiality because such a condition destroys the
>   objectivity and independence required for the development of credible
>   results;
>
> - limits the scope of work to such a degree that the assignment results are not
>   credible, given the intended use of the assignment; or
>
> - limits the content of a report in a way that results in the report being
>   misleading.

83.    Despite the importance of accurate appraisals and the requirements that are

designed to ensure them, during the time frame that the Bank purchased the PLMBS at issue in

this case, mortgage originators routinely manipulated the process for appraising the collateralized

real estate properties.  They did so by pressuring and coercing appraisers, and blacklisting those

that would not "come back at value."  The prevalence of this problem and its impact on the

financial crisis has been extensively investigated and examined in the aftermath of the market

collapse.

84.    According to his statements submitted in connection with his April 7, 2010

testimony before the FCIC, Richard Bitner, a former executive of a subprime lender for 15 years

and author of the book *Confessions of a Subprime Lender*, explains:

> [T]he appraisal process [was] highly susceptible to manipulation, lenders had to
> conduct business as though the broker and appraiser couldn't be trusted . . . .[and]
> either the majority of appraisers were incompetent or they were influenced by
> brokers to increase the value. . . .  Throwing a dart at a board while blindfolded
> would've produced more accurate results.
>
> ...
>
> If the appraisal process had worked correctly, a significant percentage of subprime
> borrowers would've been denied due to lack of funds.  Inevitably, this would have

32

forced sellers to drop their exorbitant asking price to more reasonable levels. The rate of property appreciation experienced on a national basis from 1998 to 2006 was not only a function of market demand, but was due, in part, to the subprime industry's acceptance of overvalued appraisals, coupled with a high percentage of credit-challenged borrowers who financed with no money down.

...

[T]he demand from Wall Street investment banks to feed the securitization machine couple[d] with an erosion in credit standards led the industry to drive itself off the proverbial cliff.

The Financial Crisis Inquiry Commission, Official Transcript, Commission Hearing, Apr. 7, 2010, Session 2, at 9-10.

85.    In her testimony before the FCIC, Patricia Lindsay, a former New Century Financial Corporation wholesale lender, described widespread appraisal fraud and abuse:

The role and practices of appraisers in subprime mortgage origination:

Properly valuing a property . . . is one of the most important components in a loan. In my experience at New Century, fee appraisers hired to go to the properties were often times pressured into coming in "at value", fearing if they didn't, they would lose future business and their livelihoods. They would charge the same fees as usual, but would find properties that would help support the needed value rather than finding the best comparables to come up with the most accurate value. Some appraisers would take boards off boarded up windows, to take the needed photos, then board the properties back up once the shots were taken. Or they would omit certain important elements of a property by angling the camera a certain way or zooming close in to make the property look the best possible. This level of appraiser activism compromises their objectivity.

86.    Alan Hummel, Chair of the Appraisal Institute, testified before the Senate Committee on Banking that the dynamic between mortgage originators and appraisers created a "terrible conflict of interest" where appraisers "experience[d] systemic problems with coercion" and were "ordered to doctor their reports or else never see work from those parties again."

87.    In testimony before the House Financial Services Committee, Subcommittee on Financial Institutions and Consumer Credit, Jim Amorin, President of the Appraisal Institute, testified similarly that:

33

In recent years, many financial institutions have lost touch with fundamental risk management practices, including the separation between loan production and risk management. Unfortunately, parties with a vested interest in a transaction are often the same people managing the appraisal process within many financial institutions: a flagrant conflict of interest. Appraisers are ordered to doctor their reports or else never receive work from those parties again. This was evident in a recent case involving nearly all state Attorneys General against Ameriquest, which resulted in an out-of-court settlement imposing new standards to prevent unfair and deceptive practices.

...

Another coercion tactic is the threat of being placed on a — "blacklist: (aka — "exclusionary appraiser list"), commonly used to blackball appraisers. It is one thing to maintain a list of reputable businesses to work with, or to maintain a list of firms to avoid as a result of poor performance. However, [it] is another to place an appraiser on a blacklist for refusal to hit a predetermined value.

88.     Confirming the extent of the problem, a survey of 1,200 appraisers conducted by October Research Corp. found that 90% of appraisers reported that mortgage brokers and others pressured them to raise property valuations to enable deals to go through during the period at issue. The study also found that 75% of appraisers reported negative ramifications if they did not cooperate, alter their appraisal, and provide a higher valuation."

89.     As a result of widespread appraisal abuse, the Dodd-Frank Wall Street Reform and Consumer Protection Act, § 1472, amended Chapter 2 of the Truth in Lending Act, 15 U.S.C. § 1631, *et seq.*, to specifically prohibit actions that violate "appraisal independence." Under the new Act, acts or practices that violate appraisal independence include:

(1) any appraisal of a property offered as security for repayment of the consumer credit transaction that is conducted in connection with such transaction in which a person with an interest in the underlying transaction compensates, coerces, extorts, colludes, instructs, induces, bribes, or intimidates a person, appraisal management company, firm, or other entity conducting or involved in an appraisal, or attempts, to compensate, coerce, extort, collude, instruct, induce, bribe, or intimidate such a person, for the purpose of causing the appraised value assigned, under the appraisal, to the property to be based on any factor other than the independent judgment of the appraiser;

(2) mischaracterizing, or suborning any mischaracterization of, the appraised value of the property securing the extension of the credit;

34

(3) seeking to influence an appraiser or otherwise to encourage a targeted value in order to facilitate the making or pricing of the transaction; and

(4) withholding or threatening to withhold timely payment for an appraisal report or for appraisal services rendered when the appraisal report or services are provided for in accordance with the contract between the parties.

90.     All of the abuses targeted by the amended Truth in Lending Act were widespread during the time frame that the Bank purchased the PLMBS at issue, causing the appraisals of the collateralized real estate backing the PLMBS to be inflated.

**4.     Mortgage Originators Engaged in Predatory Lending to Initiate Loans for Securitization.**

91.     Under state and federal predatory lending laws, predatory loans are characterized by excessively high interest rates or fees, and abusive or unnecessary provisions that do not benefit the borrower, including balloon payments, and underwriting that ignores a borrower's repayment ability.  Moreover, according to the Office of the Comptroller of the Currency ("OCC"), "a fundamental characteristic of predatory lending is the aggressive marketing of credit to prospective borrowers who simply cannot afford the credit on the terms being offered."  OCC Advisory Letter, Guidelines for National Banks to Guard Against Predatory and Abusive Lending Practices, AL 2003-2 at 2 (Feb. 21, 2003) ("OCC 2003 Predatory Lending Advisory Letter").  The Defendants represented and warranted that the mortgage pools that backed the PLMBS purchased by the Bank did not contain predatory loans.  This was false.

92.     Predatory lending was part of the mortgage lenders' effort to increase volume at any cost.  The Wall Street banks and other financial institutions that issued and underwrote PLMBS depended on a steady stream of higher interest subprime loans, which often were the result of predatory lending practices.  Federal Reserve Bank Chairman Bernanke explained: "[a]lthough the high rate of delinquency has a number of causes, it seems clear that unfair or

COMPLAINT FOR RESCISSION AND DAMAGES